A. M. FORT v. JOHN C. DEKLE, Supervisor of Registration, T. N. HENDERSON, Chairman, B. B. BADGER, *et al.,* Constituting Board of County Commissioners, Hillsborough County, *et al.*

190 So. 542

Opinion Filed May 30, 1939

*Mabry, Reaves, Carlton & White,* for Appellant;

*John W. Cone, Henry C. Tillman* and *John J. Twomey,* for Appellees.

BUFORD, J.—By Chapter 18128, Acts of the Legislature of 1937, re-registration of voters is required for all elections to be held in 1938 and subsequent years in the counties having a population of 150,000 or over according to the State census of 1935.

The appellant here was complainant in the court below and sought to enjoin compliance with this Act by the appellees. The bill of complaint was dismissed and he prosecuted appeal from that decree.

It is the contention of the appellant here and it was in the lower court that Chapter 18128, *supra,* was enacted in violation of Section 21, Article III, of the Constitution of Florida as amended in 1928, and for that reason is void and non-enforceable. Section 21, Article III, of the Constitution is, *inter alia,* as follows:

"In all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the State, but in all cases not enumerated or excepted in that section, the legislature may pass special or local laws except as now or hereafter otherwise provided in the Constitution; Provided, that no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the legislature of such bill and in the manner to be provided by law. The evidence that such notice has been published shall be established in the legislature before such bill shall be passed by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the legislature, and which such affidavit constituting proof of publication shall be entered in full upon the journals of the Senate and the House of Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill. * * *"

Section 1 of Chapter 18128, *supra,* provides, as follows: "In all counties of the State of Florida having a population of 150,000 or over, according to the State Census, A. D. 1935, the County Commissioners shall provide for a complete re-registration in the Year A. D. 1939 and each General Election year thereafter, of all voters who intend to qualify and vote in any Primary, General or Special Election, and the Supervisor of Registration shall open the books for registration for the Primary Election to be held in the Year A. D. 1938 and subsequent General Election thereafter in the same manner as is now provided by law for registration for Primary Elections, except that the registration books shall be opened in the precincts on the

first day of March, and close in the precincts on March 31st; they shall then be opened for Registration in the office of the Supervisor of Registration on the first day of April and shall close on April 30th for registration for the Primary Election."

It is contended that because the Act is applicable to three counties in the State it is not a special or local Act. The Act is just as much a special and local Act as if the Counties of Hillsborough, Duval and Dade had been named in the Act because those are the only three counties in the State to which the Act could ever be applicable, as no other counties in the State had a population of more than 150,000 according to the State census of 1935.

The provisions of Section 21, Article III, of the Constitution as amended in 1938 were not complied with in connection with the passage of this Act and it is, therefore, a nullity. See Whitney v. Hillsborough County, 99 Fla. 628, 127 Sou. 486, and authorities there cited.

For the reasons stated, the decree appealed from must be reversed and it is so ordered.

Reversed.

WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.

TERRELL, C. J., dissents.