**TYN COBB, JR., v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ORANGE, STATE OF FLORIDA.**

19 So. (2nd) 505            June Term, 1944
October 27, 1944           Division A

*Caldwell & Parker, Julius F. Parker,* and *Leo L. Foster,* for appellant.

*Fishback & Smith,* for appellee.

TERRELL, J.:

Appellee petitioned the Circuit Court of Orange County to construe the following provisions of Section 99.57, Statutes of 1941:

"In every general election hereafter held in this State the officials whose duty it is to prepare the ballots shall arrange the names of all candidates in perpendicular columns on the ballot, the candidates of each party being in a separate

column, and the candidates of the party receiving the largest number of votes in the last preceding general election shall be placed in the first column. Above each column or list of candidates appearing on the ballot shall be printed in large, plain letters the name of the political party by which the candidates in such column or list were nominated, together with a circle not less than three-fourths of an inch in diameter and above such circle shall be printed the following words, in plain letters: 'To vote a straight party ticket make a cross (X) within this circle.' "

The county commissioners allege in their petition that forty-six (46) Democratic and twelve (12) Republican nominees have been certified to them as being legally entitled to have their names placed on the ballot for the general election in November, and that there are so many democratic candidates that if their names should be printed in an unbroken perpendicular column rather than continued in a second portion of the first column and the names of the Republican candidates arranged likewise in an unbroken perpendicular column, the ballot will be so long as to be impracticable and inconvenient and result in confusion.

It is further alleged that the ballot can be prepared so that the names of all Democrat and Republican nominees in every contested race will appear parallel with each other in perpendicular columns and that the unopposed nominees could have their names printed on the ballot in a continued column, that the continuation could be easily indicated by a printer's cut off line and that when so arranged, the ballot will be much shorter, more easily prepared and more convenient and intelligible to the voter.

On the final hearing, the circuit court entered a declaratory decree as provided by Chapter 21820, Acts of 1943, requiring the county commissioners to prepare the ballot so that the names of the democratic candidates will appear in one unbroken column and the names of the Republican candidates in a second unbroken column.

The appellant, Tyn Cobb, whose name will appear on the ballot as one of the candidates to be voted for was permitted to intervene and has prosecuted this appeal from the declara-

tory decree. At the argument of the cause, the propriety of appellant's intervention was questioned but on further reflection that question appears to be concluded in the affirmative by the reasoning in Bancroft, et al., v. Allen, 128 Fla. 14, 174, So. 749.

The essential question presented may be stated as follows: Does the statute quoted require that the names of the different party candidates to be voted for in the November election, be printed on the ticket in unbroken parallel columns or may the names of the candidates of either party be continued in a broken column, the continuation indicated by a printer's cut off line in the manner used by printers as illustrated in the sample ballot attached to the brief of appellant?

The primary purpose of Section 99.57, Florida Statutes of 1941, was to enable the voter if desired to vote a straight party ticket by the use of a cross (X) mark in the circle at the top of the ballot as required by the Statute. The voter is thus saved the time and labor of indicating his choice of each candidate in a long ballot. Because of the attempt to adopt several other statutes in whole or in part by reference and for other reasons, the statute in question is rendered somewhat ambiguous.

We are concerned here solely with the arrangement of candidates on the ballot. The statute requires the names of candidates of each party to be arranged in separate perpendicular columns, the candidates of the party receiving the largest vote in the preceding general election to be printed in the first column. There are no specifications as to width or length of the columns or whether they may be broken but there are specifications as to other aspects that are not pertinent to this discussion.

The duty of preparing the ballot for the general election is imposed on the county commissioners. The form of ballot proposed by appellant is perfectly intelligible and we think meets all the requirements of the law. It would be foolish to contend that the county commissioners did not have some discretion in the matter so we are of the view that the form proposed or any form where the names of candidates of each party are arranged in separate columns so that the voter can

vote a straight ticket if he desires is sufficient provided of course, that mandatory requirements of the statute are observed.

Having reached this view, it follows that the judgment below must be and is hereby reversed in so far as not in conformity with the views expressed herein.

Reversed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.