132 So.2d 186 (1961)
Basil J. WALKER et al., as the Duval County Budget Commission, Appellants,
v.
R.D. PENDARVIS et al., as the Justices of the Peace and Constables of Duval County, Appellees.
No. 40041.
Supreme Court of Florida.
July 14, 1961.
*187 O.O. McCollum, Jr., Jacksonville, for appellants.
Frank T. Cannon, Jacksonville, for appellees.
DREW, Justice.
This cause is before us on direct appeal to review the final decree of the Circuit Court of the Fourth Judicial Circuit in and *188 for Duval County, Florida, In Chancery, directly passing on the validity of certain statutes of this State. Preliminarily we dispose of the pending motion to dismiss the appeal which alleges that due to the recent passage by the 1961 Legislature of Chapter 61-940 filed 5/4/61; Chapter 61-941 filed 5/4/61; and Chapter 61-1352 filed 5/22/61;[1] the questions involved in this appeal have been rendered moot.
*189 We have determined that even though the questions presented may be moot, the case is of sufficient importance and public interest, relating, as it does, to the duties, responsibilities and authority of certain public officials of this State and certain public agencies of Duval County as well as the possible liability of certain officials for unauthorized compensation, to retain jurisdiction and determine these unsettled questions.[2]
Complainants in the trial court were members of the Duval County Budget Commission. Their prayer for a declaratory decree is as follows:
"1. The applicability, effect, validity and meaning of Chapters 59-797 Laws of 1959; 30036 Laws of 1955; 27215 Laws of 1951; 21195 Special Laws of 1941; 25797 Special Laws of 1949; 21041 Laws of 1941; 22604 Laws of 1945; 28450 Laws of 1953; 30520 Laws of 1955; 21874 Laws of 1943; 146 Florida Statutes, 1959, and 145 Florida Statutes, 1959.
"2. Determine the number of clerks and stenographers and other clerical assistants that may be employed by both the Justices of the Peace and the Constables of Duval County, and the source and amounts of their compensation.
"3. Determine the number of deputy constables that may be appointed and employed by the Constables of Duval County, Florida, and the source and amount of their compensation.
"4. Determine the validity of unlimited per centage contracts of employment between Constables of Duval County, Florida, and their Deputy Constables, for compensation of deputies out of the fees and commissions of the office of constable.
"5. Determine the compensation to be allowed the Justices of the Peace and Constables of Duval County, Florida.
"6. Determine whether the Defendants are bound by the amounts provided by the Duval County Budget as funds for salaries and funds for supplies and other expenses as the maximum amounts that the Defendant may lawfully expend or obligate for such designated purposes.
"7. Determine whether the Duval County Budget Commission should provide any funds in the County Budget for the compensation of any deputy constable, or for the expenses of any constable or deputy constable for policing traffic on the public highways, either inside or outside of incorporated cities and towns."
Chapter 21874, Laws of Florida, 1943 empowered the Duval County Budget Commission[3] to fix and determine the amount to be paid or allowed for each of the offices *190 of the county which include the appellees Justices of the Peace and Constables. The amounts that these constitutional officers[4] may expend or retain as their compensation and the amount to be paid or allowed by or for each of the officers for salaries of employees and deputies, and for supplies and other expenses in the conduct and operation of the offices must also be determined according to the dictates of this legislation.
Appellees, in their pleadings below, admitted the appellants are the Duval County Budget Commission, existing under Chapter 21874, Laws of Florida, 1943, which empowers and charges the said commission with the duty of providing a yearly budget for the conduct of the offices of the appellees, who are the nine Justices of Peace and Constables of Duval County[5] and that the present nine Justices of Peace and Constables are under the jurisdiction of the provisions of Chapter 145, Florida Statutes, 1959, F.S.A., as fee officers.[6]
Appellants contend that commencing with the calendar fiscal year of 1958, budgets have been adopted for Justices of the Peace and Constables, and many questions have arisen because of the appointment and employment of clerical assistants in varying numbers, and the appointment and employment of Deputy Constables in varying numbers, in some instances as high as six regularly and not merely for service during the disability or absence of the Constables. Such appointees and employees receive their compensation out of the fees and commissions of the employing office as expenses of the office before determination of the net income of the office.
In some instances the Deputy Constables received a percentage of the fees and commissions, usually 50%, but sometimes 60%, either of the revenues of the office as such, or of the revenues accruing for the work done by the Deputy Constable, without any limitation as to the total compensation to be paid such Deputy, and in some instances exceeding the compensation allowable by law for the Constable, even exceeding $15,000 a year. During 1958, according to the records of the appellants, the expenditures by Justices of the Peace for such salaries were as high in some instances as $7,692.50 and for other expenses as high as $2,948.52, while expenditures by Constables for such salaries were as high in some instances as $20,931.36, and for other expenses as high as $8,960.40. In many instances such expenses were in excess of amounts allowed therefor by the County Budget for that year. In 1959 expenditures by Justices of the Peace for such salaries were as high in some instances as $8,239.35 and as high as $4,327.24 for other expenses, while expenditures by the Constables were as high in some instances as $24,979.06 for salaries and as high as $9,161.17 for other expenses. In several instances they were in excess of the amounts allowed therefor by the County Budget for that year.
The challenged acts (to which we will specifically refer hereafter) may be dichotomized into (a) special or local acts, having to do with the number of deputies which constables may appoint and the fixing of payment of their compensation, and (b) general acts of local application classified *191 by population and other conditions, usually termed "population acts" having to do with the number and payment of deputies, clerical assistance, amount of expenses, and the compensation of particular officers.
The learned trial judge by an erudite opinion supported the following order, judgment and decree:
"Ordered, Adjudged and Decreed that Chapter 21195, Laws of Florida, Special Acts of 1941; Chapter 25797, Laws of Florida, Special Acts of 1949; Chapter 22604, Laws of Florida, General Acts of 1945; Chapter 28450, Laws of Florida, General Acts of 1953; and Chapter 30520, Laws of Florida, Special Acts of 1955, be, and they are hereby, declared to be in conformity to the particular requirements of Article III, Section 20 and 21, of the State Constitution, and are legally effective in their respective sphere of applicability to Duval County; and it is further
"Ordered, Adjudged and Decreed that Chapter 21041, Laws of Florida, General Acts of 1941, and Chapter 59-797, Laws of Florida, General Acts of 1959, be, and they are hereby, declared to be invalid and in violation of Article III, Sections 20 and 21, of the State Constitution, and are without legal force and effect in Duval County, Florida; and it is further
"Ordered, Adjudged and Decreed that Chapter 27215, Laws of Florida, General Acts of 1951, and Chapter 30036, Laws of Florida, General Acts of 1955, be, and they are hereby, declared inapplicable and without force in Duval County, Florida, as the provisions of said Acts clearly exempt this County from its terms in the enumerated conditions therein contained."
Appellant assigns four major errors all relating to the first paragraph of the foregoing decree of the trial court in which it held that Chapter 21195, Laws of Florida 1941; Chapter 25797, Laws of Florida, 1949; Chapter 22604, Laws of Florida, 1945; Chapter 28450, Laws of Florida, 1953; and Chapter 30520, Laws of Florida, 1955 are legally effective in their respective sphere of applicability to Duval County and are in conformity with the constitutional requirements of Article III, Sections 20 and 21 of the Constitution of the State of Florida.
Appellee has cross assignments of error relating to jurisdiction and the decree of the trial court that Chapter 59-797, Laws of Florida, 1959 (mentioned in the second paragraph of the above quoted portion of the trial court's decree) is invalid and unconstitutional.
We first direct our attention to the question of the right of action by the five Budget Commissioners to sue "as the members of and constituting the Duval County Budget Commission." Appellees contend that these individuals are not persons as defined in the Declaratory Judgment Act,[7] in that on the one hand if the suit were brought as individuals, it would have to be brought as a tax payers suit and on the other that there is no "person" known as the Duval County Budget Commission.
The pertinent section must be read in conjunction with Chapter 21874, General Acts of 1943, as well as Section 1.01, Florida Statutes 1959, F.S.A., for the proper determination of the word "person". The 1943 Act created the Budget Commission but does not designate it as a body corporate. It is not, therefore, a legal entity authorized to sue as such, but must sue in the name of its members.[8] In such cases *192 it has been the recognized practice for the members of such boards or commissioners to sue or be sued in their individual names "as members of and constituting" the board or commission, including actions for declaratory judgments.[9] We hold that the appellants are a "person" entitled to maintain this action for a declaratory decree.
With the exception of the final point in the cross assignment of errors, the remainder are without merit as individual contentions since they go to the substantive aspects of the decree below and its legal sufficiency insofar as the legislative validity of the various statutes aforementioned.
We next consider that part of the decree declaring Chapter 59-797, Laws of Florida, 1959 to be invalid and in violation of Article III, Sections 20 and 21 of the Constitution of the State of Florida. This Chapter provides an illustrative specimen of what we admonished against in Shelton v. Reeder, supra, footnote 2, (121 So.2d at page 152) when we stated:
"It is not permissible for the legislature to single out the officers of one or more counties and, under the guise of population, bless them with privileges or impose upon them conditions different in effect and operation than those imposed upon others similarly situated."[10]
Section 1 of the offensive chapter reads as follows:
"Section 1. In all counties of the State of Florida not having Home Rule under the Constitution and having a population in excess of three-hundred-thousand (300,000) according to the preceding official census, and where there is in existence nine Justice of the Peace Districts, the Justices of the Peace and Constables of each District, where the compensation for his official duties is paid wholly or partly by fees, or commissions, shall receive as his or her yearly compensation for his or her official services from the whole or part of his or her fees or commissions, so collected, the following sum only: All the net income from his or her office not to exceed nine-thousand dollars ($9,000.00). (Emphasis supplied.)
Chapter 145.01 Florida Statutes, 1959, F.S.A. supra, fixes the compensation of County Fee Officers at all the net revenue from the office not to exceed $7,500.00. By the provisions of Chapter 59-797, supra, the Legislature purported to increase the amount to $9,000.00 for Justices of the Peace and Constables in counties having the four specific underlined qualifications.
It was found by the court below that this purported general act was such in name only and was actually a local or special act applicable only to Duval County and was in violation of Sections 20 and 21 of the Constitution of the State of Florida.[11] With this holding we are in accord. Chapter 59-797, Laws of Florida, 1959 is a local or special law because its application is limited to Duval County, and cannot be a general law by classification because *193 the classification factors bear no reasonable relation to the subject regulated.
Our previous conclusions on this point in the case of Carter v. Norman, Fla. 1948, 38 So.2d 30, 32, are quite clear:
"The classification of counties for governmental purposes according to population is entirely permissible in the enactment of a general statute, so long as the classification used is just and reasonable. State ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804; State ex rel. Buford v. Smith, 88 Fla. 151, 101 So. 350. The arbitrary classification of counties by population for the purpose of avoiding the organic requirement of publication of notice of intention to apply to the legislature for the passage of proposed local or special law, however, is not permitted or sanctioned by the Constitution. Waybright v. Duval County, 142 Fla. 875, 196 So. 430 * * *."
as are those found in Budget Commission of Pinellas County v. Blocker, Fla. 1952, 60 So.2d 193, 195:
"It is the rule in this jurisdiction that `where there is a substantial difference in population, and the classification on a population basis is reasonably related to the purposes to be effected, based on the differences in population which forms the basis thereof, and is not merely arbitrary, it is a general law, even though at the time it may be applicable to only one political subdivision of the State; but if the subject matter of the act and the public purpose to be effectuated thereby bear no reasonable relation to the difference in population upon which it rests, even though it be passed under the guise of a general law, it is in fact a local law; and if no notice has been published, and it contains no referendum clause, it is then a plain violation of Sections 20 and 21, of Article III of our Constitution and cannot be upheld.' Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638, 645; compare Manatee County v. Davidson, 132 Fla. 295, 181 So. 889; Sivort Co. v. State, 136 Fla. 179, 186 So. 671; Knight v. Board of Public Instruction for Hillsborough County, 102 Fla. 922, 136 So. 631."
We next turn to points raised by the appellants in this appeal relating specifically to those laws declared legally effective and as meeting the requirements of Article III, Sections 20 and 21 of the Constitution of the State of Florida.
Chapter 21195, Laws of Florida, 1941 in "An Act Providing for the Appointment of a Deputy Constable in Each of the Justice of Peace Districts Designated 5, 10 and 11 of Duval County Florida, and Prescribing the Duties and Providing for the Compensation of Such Deputy Constable."
The applicable provisions of this law follow:
"Section 1. Each duly elected and qualified Constable of each of the Justice of the Peace Districts designated 5, 10 and 11 in and for Duval County, Florida, is hereby authorized and empowered to select and appoint a suitable person, who is a duly qualified *194 elector within the district in which said Constable serves, to serve as a Deputy Constable under the direction and supervision of said Constable. The Deputy Constable shall act only during the absence or disability of the Constable and, during such time, the duties of said Deputy Constable shall be the same duties as are normally performed by the duly elected and qualified Constable in and for each of said Justice of the Peace Districts in and for Duval County, Florida.
"Section 2. Each said Deputy Constable shall be paid by the Constable appointing him, and not by the County, and the amount of such compensation for his services shall be such as shall be agreed upon by the said Constable and said Deputy Constable, and said Constable shall collect all regular fees, allowable by law, for all services performed by said Deputy Constable just as though said services had been performed by said Constable." (Emphasis supplied.)
Chapter 25797, Laws of Florida, 1949 has the exact verbiage in the essential parts except that it relates to Districts 4, 9 and 12. It authorizes the appointment of a Deputy Constable who shall serve during the particular Constable's absence or disability and provides that the Deputy shall be paid by the Constable appointing him and not by the County.
It was appellants' contention below as it is here that the aforesaid laws in the form of Special Acts of 1941 and 1949 run contra to the proviso found in Article III, Section 20, Constitution of the State of Florida, in that they regulate the jurisdiction and duties of a class of officers. We cannot agree with appellants' contention. These special acts are merely laws of sufferance allowing for the Constable who so desires and under specific conditions to appoint a Deputy Constable. The acts in nowise change, alter or regulate the duties of the Constables in any manner. The laws specifically state:
"* * * the duties of said Deputy Constable shall be the same duties as are normally performed by the duly elected and qualified Constable * *."
They merely permit the Constable to maintain the legal functions of the office when specified circumstances arise and these, of course, must be bona fide.
The right of the Duval County Budget Commission to inquire into and question the reasonableness of the expenses of the office of Constable is uncontroverted.[12]
This right, however, according to the holding by this Court in the case of Cary v. State, 1939, 138 Fla. 679, 190 So. 49, does not preclude the payment of the Deputy Constable from the legally derived gross income of the office of Constable. It would be considered as a proper expenditure in the operation of said office, along with the necessary expenses incurred for clerks and assistants. The compensation must be reasonable and capable of justification.[13]
The court below was not in error in upholding these special acts.
Appellants find the same fault with Chapters 22604, Laws of Florida, 1945 and *195 28450, Laws of Florida, 1953; our conclusions as to Chapter 21195, Acts of 1941 and Chapter 25797, Acts of 1949 are applicable to these Acts. In addition, however, these two acts are attacked upon the grounds that, although passed as General Laws, the wording limiting their immediate application to but two counties in the State of Florida, i.e. Dade and Duval result in them being Special or Local Acts enacted contrary to the provisions of the constitutional provision heretofore alluded to. These two acts contain population restrictions as follows:
Chapter 22604, Laws of Florida, 1945:
"Section 1. That from and after the passage of this Act, it shall be lawful for each Constable in all the counties in this State which now have a population of not less than 260,000 according to the last Federal Census, to employ, appoint and deputize one deputy constable as a law enforcement officer to serve under the supervision, direction and control of the constable so making the appointment."
Chapter 28450, Laws of Florida, 1953:
"Section 1. That from and after the passage of this act, it shall be lawful for each constable in all the counties in this state which now have a population of not less than three hundred thousand (300,000) according to the last state or federal census, to employ, appoint and deputize not more than two deputy constables as law enforcement officers to serve under the supervision, direction and control of the constable so making the appointment."
The word "now" as contained in the two acts say the appellants so restricts the application of the acts that they can only apply to the particular counties immediately involved within the population bracket and no others. While the learned court below held these facts not violative of the restrictions against population acts, we cannot agree.
The lower court held the word "now" as used in these two acts was intended by the Legislature to be construed not as a limitation upon other counties to grow into its provisions, but as a point of beginning in the matter of population. This is not capable of legal sustention.
The very clear rationale of Shelton v. Reeder, supra, is that population acts are sustainable only when the population classification bears a true and reasonable relationship to the subject matter regulated, and that other counties than the ones immediately involved within the population bracket shall, by virtue of growing into such population bracket, become subjected to such population acts.[14]
The use of the word "now", to modify the particular population bracket, can have no other reasonable meaning than to restrict application of the act to the counties having the stipulated population at the specific time of the enactment of the law.
There is no rational basis under which the use of the word "now", used in the context in which it was used in Chapters 22604 and 28450, can be given such an ambulatory meaning as to mean any time at which a reader may read it. The "now" of these acts can refer only to the date of enactment, and the acts become tied down to certain specific counties as surely as though the names of the counties were spelled out. Such acts are unconstitutional and void.
The reasoning directed to other acts contended by the appellant to be offensive applies to Chapter 30520, Laws of Florida, *196 1955 as the only criticism of this act relates to the compensation of the Deputy Constable which has been answered previously.
In sum we find the following:
1. Section 87.13, Florida Statutes (1959), F.S.A., is not inhibitory so as to prevent the maintenance of this action for declaratory decree.
2. Chapter 59-797, Laws of Florida, 1959 is a local or special law because its application is limited to Duval County and is violative of Article III, Section 20, Constitution of the State of Florida.
3. Chapter 21195, Laws of Florida, 1941 and Chapter 25797, Laws of Florida, 1949 relating to the appointment and remuneration of Deputy Constables are legally effective subject to the right of the Duval County Budget Commission under authority of Chapter 21874, Laws of Florida, 1943 to inquire into and question the reasonableness of the expenses of the office of constable.
4. Chapter 22604, Laws of Florida, 1945 and Chapter 28450, Laws of Florida, 1953 are unconstitutional and void due to the restrictive application to particular counties immediately involved within the population bracket and no others.
5. Chapter 30520, Laws of Florida, 1955 is valid and legally effective.
Accordingly the decree of the chancellor is hereby affirmed in part and reversed in part and this cause is remanded for further proceedings not inconsistent with this decision.
It is so ordered.
ROBERTS, C.J., and THOMAS, HOBSON, THORNAL and O'CONNELL, JJ., concur.
TERRELL, J., dissents.
NOTES
[1] All of the above bills relate to Duval County and are quoted below:
 "Chapter 61-940
 "(Senate Bill No. 97)

"An Act Relating To Constables In All Counties In The State Not Having Home Rule Under The Constitution And Having A Population Of Four Hundred Fifty Thousand (450,000) Or More Inhabitants According To The Latest Official Statewide Decennial Census; Authorizing Each Constable In Said Counties To Employ Deputies; Providing The Number And Control Of, And Compensation For Such Deputies; Providing An Effective Date.
"Be It Enacted By The Legislature Of The State Of Florida:
"Section 1. In all counties in the state not having home rule under the constitution and having a population of four hundred fifty thousand (450,000) or more inhabitants, according to the latest official state-wide decennial census, each constable may employ, appoint and deputize not more than four (4) deputy constables to act as law enforcement officers to serve under the supervision, direction and control of said constable.
"Section 2. The duties of the deputy constable and the fee or commissions for services performed by said deputy shall be the same as those authorized by law to be performed and collected by the constable; provided however, that the fees or commissions received by the deputy constable for all services performed shall be paid over to the constable and made part of the income of the constable's office.
"Section 3. Each deputy constable so employed and appointed shall be paid out of the earnings of the respective constable's office, but such earnings shall not exceed eight thousand dollars ($8,000.00).
"Section 4. This act shall take effect immediately upon becoming a law."
 ____ ____ ____
 "Chapter 61-941
 "Senate Bill No. 105)
"An Act Relating To Compensation Of Justices Of Peace And Constables In All Counties In The State Not Having Home Rule Under The Constitution And Having A Population Of Four Hundred Fifty Thousand (450,000) Or More Inhabitants According To The Latest Official State-Wide Decennial Census; Providing That The Annual Compensation Of Such Offices Shall Not Exceed Nine Thousand Dollars ($9,000.00); Providing An Effective Date.
"Be It Enacted By The Legislature Of The State Of Florida:
"Section 1. In all counties in the state not having home rule under the constitution and having a population of four hundred fifty thousand (450,000) or more inhabitants according to the latest official state-wide decennial census, the justice of the peace and constable of each district in the county where the compensation for official duties is paid wholly or partly by fees or commissions shall receive an annual compensation not to exceed nine thousand dollars ($9,000.00) to be paid from the income of the office in each district.
"Section 2. This act shall take effect immediately upon becoming a law."
 ____ ____ ____
 "Chapter 61-1352
 "(Senate Bill No. 82)
"An Act Relating To Justice Of The Peace Courts In All Counties Of The State Not Having Home Rule Under The Constitution And Having A Population Of Four Hundred Fifty Thousand (450,000) Or More Inhabitants, According To The Latest Official Federal Decennial Census; Providing Trial Jurisdiction In Certain Misdemeanor Cases; Providing An Effective Date.
"Be It Enacted By The Legislature Of The State Of Florida:
"Section 1. After passage of this act, justice of the peace courts in all counties of the state not having home rule under the constitution and having a population of four hundred fifty thousand (450,000) or more inhabitants according to the latest official Federal decennial census, shall have power to hold a court to try and determine misdemeanor cases, except driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, in which the penalty is not more than five hundred dollars ($500.00) fine or ninety (90) days in jail or both fine and imprisonment; provided, however, should the defendant, after having been duly advised of his constitutional rights, demand a trial by jury, then and in that event, he, the defendant, shall be bound over to the criminal court of record, and be required to furnish good and sufficient bond to secure his appearance before the court; provided, further, that all defendants arraigned before such justice of the peace courts, who elect to waive jury trial or enter a plea of guilty, shall be required to sign a formal waiver certified to by the judge of said court, and the formal waiver so executed shall be filed as other papers in such trial; provided, further, nothing herein shall be construed to affect the jurisdiction of the criminal court of record of such counties.
"Section 2. All costs, fines and forfeitures levied under the provisions of this act shall be in an amount as provided by law in misdemeanor cases and paid to the county commissioners monthly.
"Section 3. The justices of the peace shall keep minute books, progress dockets and judgment records of all proceedings held under this act.
"Section 4. This act shall take effect immediately upon becoming a law."
[2] Southeastern Utilities Service Co. v. Redding, Fla., 131 So.2d 1 and cases there cited; Tau Alpha Holding Corp. v. Board of Adjustments, 1937, 126 Fla. 858, 171 So. 819; Bowden v. Carter, Fla. 1953, 65 So.2d 871; Ervin v. Capital Weekly Post, Inc., Fla. 1957, 97 So.2d 464 and more recently in Shelton v. Reeder, Fla. 1960, 121 So.2d 145, 150.
[3] This act created a county budget commission in counties of Florida having a population of not less than 250,000 of which Duval was one.
[4] Article V, Section 11, Constitution of the State of Florida, F.S.A.
[5] These nine districts were reconstituted pursuant to the decision of Harris v. Bryan, Fla. 1956, 89 So.2d 601 which invalidated a prior change to five Justices of the Peace Districts under Chapter 25806, Laws of Florida, 1949.
[6] Chapter 145.01:

"145.01 Compensation of county officials who are paid by fees or commissions. Each county official whose compensation for his official duties is paid wholly or partly by fees or commissions, shall receive as his yearly compensation for his official services from the whole or part of the fees, or commissions so collected, the following sum only: All the net income from his office not to exceed seven thousand five hundred dollars." (Emphasis supplied.)
[7] "87.13 `Person' defined. The word `person' wherever used in this chapter shall be construed to mean any person, partnership, joint stock company, unincorporated association or society, or municipal or other corporation of any character whatsoever." Also see Sec. 1.01, Florida Statutes 1959, F.S.A., defining "person" as used in the Statutes of Florida.
[8] For a discussion of this aspect of the law, see 24 Fla.Jur. Parties Section 7 (1959).
[9] Cobb v. Board of Com'rs of Orange County, 1944, 155 Fla. 60, 19 So.2d 505 wherein the Board brought an action for a declaratory judgment which was rendered; and Alsop v. Pierce, 1944, 155 Fla. 185, 19 So.2d 799 which was an action for a declaratory judgment by Alsop as Mayor against George A. Pierce and others as and constituting the City Commission of the City of Jacksonville.
[10] See also State ex rel. Baker v. Gray, 1938, 133 Fla. 23, 182 So. 620, 625.
[11] Article III, Section 20, Constitution of the State of Florida provides in pertinent part:

"* * * The Legislature shall not pass special or local laws in any of the following enumerated cases: that is to say, regulating the jurisdiction and duties of any class of officers, * * * regulating the fees of officers of the State and county * * *."
Article III, Section 21, provides in part:
"* * * In all cases enumerated in the preceding Section, all laws shall be general and of uniform operation throughout the State, but in all cases not enumerated or excepted in that Section, the Legislature may pass special or local laws, except as now or hereafter otherwise provided in the Constitution; Provided that no local or special bill shall be passed, * * * unless notice of intention to apply therefor shall have been published in the manner provided by law * * * at least thirty days prior to introduction into the Legislature of any such bill * * * Provided, however, no publication of any such law shall be required hereunder when such law contains a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected in accordance with a provision therefor contained in such bill, or provided by general law."
[12] Sparkman v. County Budget Commission, 1931, 103 Fla. 242, 137 So. 809.
[13] As a matter of fact, this point is admitted by the pleadings below on the part of the appellants in paragraph 19(h) which read:

"(h) Plaintiffs contend that they are authorized by the Duval County Budget Law, Chapter 21874, Laws of 1943, and Chapter 145, Florida Statutes, 1959, to provide for each Defendant, a fund for the payment of reasonable salaries of employees and deputies, and funds for necessary supplies and other necessary expenses, which funds constitute the maximum amounts that the Defendants may lawfully expend or obligate themselves for expending, for such designated purposes."
[14] Crandon v. Hazlett, 1946, 157 Fla. 574, 26 So.2d 638; Fort v. Dekle, 1939, 138 Fla. 871, 190 So. 542; State ex rel. Coleman v. York, 1939, 139 Fla. 300, 190 So. 599.