PER CURIAM.
This cause is before us on direct appeal to review a final order of the Circuit Court for Pinellas County, Florida, directly passing on the validity of a statute of this state. The cause was initiated by Pinellas County Constables, Appellants, upon a complaint alleging Ch. 67-719, Florida Statutes 1967, to be unconstitutional. In its final order dismissing the complaint, the Circuit Court specifically upheld the constitutionality of Ch. 67-719.
Chapter 67-719 is a population act affecting the office of constable in certain counties having a population not less than three hundred fifty thousand and not more than three hundred eighty-five thousand inhabitants. In such counties the act provides that all emoluments of the office of constable, including all money received or credits due for services performed, shall become the property of the county and that constables in such counties shall be compensated by salary only. In all counties within the population classification of Ch. 67-719 and having five justices of the peace districts, the act specifically fixes the salary of constables of each of said districts at one dollar per annum. Except for the salaries provided, the act prohibits the county from providing a budget or other expenditure of funds in connection with or relative to the office of constable. The act further designates a procedure of reporting and accounting by constables and specifically repeals Ch. 63-969, Florida Statutes 1963.
We conclude Ch. 67-719 is in effect a local act which attempts to regulate the fees of county officers and as such is violative of the requirements of Article III, Sections 20 and 21 of the State Constitution, F.S.A. While on occasion we have sustained, as general laws, population acts, in all such instances we have been careful to adhere to the principle that the population classification bear a reasonable relation to the subject matter of the act and the public purpose to be effected thereby. See Budget Commission of Pinellas County v. Blocker (Fla.1952), 60 So.2d 193; Walker v. Pendarvis (Fla.1961), 132 So.2d 186. In the present case we fail to perceive existence of the necessary relationship between the classification factors involved and the purpose sought to be accomplished by Ch. 67-719. We denote no reason justifying the distinctive regulation accorded *311 constables’ salaries falling within the population scheme here employed.
In disposing of the present case as stated above, it is unnecessary for us to express any view as to the constitutionality of a legislative act which indirectly but effectively eliminates a constitutionally ordained county office in a manner different from the method provided in Section 11, Article V of the State Constitution or concerning the validity of a legislative act regulating compensation of a county officer that is neither of uniform operation throughout the state nor consistent with general laws relating to compensation of such officers. Musleh v. Marion County (Fla.1967), 200 So.2d 168.
The order appealed from is reversed and the cause remanded to the Circuit Court of Pinellas County, Florida, for further proceedings not inconsistent with this decision.
CALDWELL, C. J., and ROBERTS, DREW, THORNAL and ERVIN, JJ., concur.