363 So.2d 555 (1978)
CITY OF MIAMI BEACH, Florida, Appellant,
v.
E.J. FRANKEL et al., Appellees.
No. 52006.
Supreme Court of Florida.
October 5, 1978.
*556 Joseph A. Wanick, City Atty., and John A. Ritter and Richard Kanner of Ritter & Ritter, Coral Gables, for appellant.
John K. Aurell, Earl B. Hadlow and William D. King of Mahoney, Hadlow & Adams, Miami, for appellees.
Alan S. Becker of Becker, Poliakoff & Sachs, Miami Beach, for The Tenants' Association of Florida, Inc., intervenor.
BOYD, Justice.
The City of Miami Beach appeals a judgment of the Circuit Court for Dade County, and invokes our jurisdiction to hear direct appeals under Article V, Section 3(b)(1), Florida Constitution. The circuit court directly passed upon the constitutionality of Chapter 77-50, Laws of Florida.
A rent control ordinance of the City of Miami Beach expired on December 31, 1976. Thereafter, at the behest of some citizens' groups, the City Council adopted Resolution No. 77-15314, which provided that a new general rent control measure, proposed Ordinance No. 77-2093, be placed before the electorate of the City in a referendum. The referendum was scheduled to be held on June 7, 1977. Meanwhile, on May 21, 1977, an Act of the Legislature, Chapter 77-50, Laws of Florida, went into effect.[1] It conditions and restricts the power of cities and counties to enact rent control legislation. The proposed ordinance was out of harmony with Chapter 77-50 in several respects, and to that extent would have been a void enactment.
The appellees are a group that includes owners of a rental apartment building in the City and taxpayers of the City. They brought an action to have the proposed ordinance declared illegal and the referendum enjoined. A pre-judgment injunction was upheld by the District Court of Appeal, Third District, on interlocutory appeal. Subsequently the Circuit Court granted summary judgment in favor of the appellees and made the injunction permanent.
The action brought by the appellees raised not only the matter of the incompatibility of the proposed ordinance with Chapter *557 77-50, but also challenged it on a number of other grounds under the City Charter and the Florida and United States Constitutions. The judgment of the Circuit Court sustained them all, finding the proposed ordinance and the manner proposed for its adoption to contain numerous legal infirmities. We need not approve or review all of the court's stated grounds in order to affirm its judgment. But for the following reasons we hold that the appellant has failed to establish reversible error below.
Sections 2 and 5(b) of the Act require that a local government, in enacting a rent control measure, must make findings and recite them in the enactment, of a housing emergency so grave as to constitute a serious menace to the general public. As the Circuit Court held, proposed Ordinance No. 77-2093 did not meet this general law requirement.[2]
Section 4 of the Act prohibits local government rent controls on dwelling units located in luxury apartment buildings, as defined in the Act. The Circuit Court correctly held that the proposed ordinance illegally purported to regulate such rents.
Section 5(a) of the Act contemplates that a rent control measure be adopted by the governing body of the local government in question. Section 5(c) provides for such a measure to be approved by the voters in a referendum. The court held that the proposed ordinance was not "duly adopted" by the City Council. This holding was correct, as the record indicates that the City Council provided by resolution to have the proposed ordinance placed on the ballot but did not itself adopt the ordinance.
After finding that the proposed ordinance would violate state law in these and other respects, the court upheld the constitutionality of Chapter 77-50 against challenges by the City. The City contended that the Act amends the City Charter in violation of the Florida Constitution, that it is a general law of local application on a prohibited subject, that its title is defective, that it contains improper secondary subject matter, and that it denies the citizens of Miami Beach the equal protection of the laws.
In support of its contention that Section 5(c) of the Act violates the Constitution by amending the City Charter, the City points to Article VIII, Section 11 of the 1885 Constitution, which authorized the Dade County Home Rule Charter. This provision is incorporated into the 1968 Constitution by reference in Article VIII, Section 6 thereof. Subsection (1)(g) of the incorporated constitutional provision states: "Upon adoption of this home rule charter by the electors ... the Legislature shall have no power to amend or repeal the charter of any municipal corporation in Dade County." The appellant's argument ignores the fact that subsection (6) of the very same incorporated provision provides:
(6) Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties of the State of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida relating to county or municipal affairs and all such general laws shall apply to Dade County and to all municipalities therein to the same extent as if this section had not been adopted and such general laws shall supersede any part or portion of the home rule charter provided for herein in conflict therewith and shall supersede any provision of any ordinance enacted pursuant to said charter and in conflict therewith, and shall supersede any provision of any charter of any municipality in Dade County in conflict therewith.
Furthermore, by conditioning the power of municipalities to enact rent control, the Act did not amend the City's Charter. Any authority the City had to control rents prior to the effective date of the Act *558 was not derived from its Charter.[3] It was not until the passage of the Municipal Home Rule Powers Act, Chapter 73-129, Laws of Florida,[4] that municipal governments had this power. City of Miami Beach v. Forte Towers, 305 So.2d 764 (Fla. 1974); City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla. 1972). Authority thus granted by general law can of course be restricted by general law.
As stated above, the appellant contended that the Act is a general law of local application on a subject prohibited by Article III, Section 11 of the Florida Constitution. It argues here that the resolution of its contention depended upon factual findings and thus the question should not have been decided in a judgment on the pleadings.
A general law of local application is a law that uses a classification scheme  based on population or some other criterion  so that its application is restricted to particular localities. See, e.g., Lewis v. Mathis, 345 So.2d 1066 (Fla. 1977); Vance v. Ruppel, 215 So.2d 309 (Fla. 1968); County of Dade v. City of North Miami Beach, 109 So.2d 362 (Fla. 1959). It is clear on the face of this statute that it is a general law applicable statewide. It contains no classification scheme. No factual inquiry was needed to determine this. The fact, if established, that Miami Beach is the only City in the State to have enacted a rent control ordinance, would be immaterial. The fact, if established, that after the City Council of Miami Beach allowed its rent control ordinance to expire, citizens' groups there, and not elsewhere, sought the enactment of an ordinance violative of the Act, would be immaterial.[5]
Appellant contends that the title to Chapter 77-50 does not adequately give notice of the import of Section 6 thereof, which pertains to the burden of proof when a local government rent control ordinance is challenged in a court action. It contends further that Section 6 is not of the same subject matter as the rest of the Act. For these two reasons the City argues that Chapter 77-50 violates Article III, Section 6 of the Constitution, requiring that acts of the Legislature embrace but one subject and matter properly connected therewith, and that the subject be briefly expressed in the title.
The Constitution does not require that the title of a law contain a synopsis of all the means by which the object of the law is to be accomplished. Commissioners of Duval County v. City of Jacksonville, 36 Fla. 196, 224, 18 So. 339, 344 (1895). The title to Chapter 77-50 contains notice of its provisions sufficient to prompt further inquiry. Smith v. Chase, 91 Fla. 1044, 1049, 109 So. 94, 96 (1925); State ex rel. Buford v. Daniel, 87 Fla. 270, 280, 99 So. 804, 807 (1924). Nor is Section 6 of the Act so unrelated as to constitute a different subject from the essential subject of the Act. It is relevant to the purposes of the Act, and has a necessary and proper connection with it. State ex rel. Gonzalez v. Palmes, 23 Fla. 620, 629, 3 So. 171, 175 (1887).
In the proceedings below, the appellant challenged the requirement of the Act that local government rent control measures exempt luxury apartments. It contends that the definition of luxury apartments contained in the Act has no reasonable relationship to conditions in Miami Beach, that therefore the statute denies its citizens equal protection, and that the court was wrong to grant summary judgment since this challenge depended on factual inquiry for its proper resolution. The City's argument might be stated to be that the statute, by classifying dwelling units in apartment buildings whose units average $250 or more per month in rent as "luxury" units, discriminates *559 against the renters of Miami Beach because this figure does not bear as reasonable a relationship to a realistic definition of "luxury" there as it might in other localities of the state.
Even if we were to allow that a municipality has standing to assert against the state an equal protection claim of some of its citizens, Shelby v. City of Pensacola, 112 Fla. 584, 151 So.2d 53 (1933), this argument would still be without merit. Assuming for purposes of discussion that the statute classifies citizens, surely it cannot be said to establish a suspect class. Therefore it is not subject to strict scrutiny. The Legislature is allowed wide discretion in classifying on such matters. Hiers v. Mitchell, 95 Fla. 345, 116 So. 81 (1928). Of course, rental values vary from place to place around the state. But the Legislature is not required to classify with mathematical preciseness, as long as it is not arbitrary. "If the courts can conceive of any conditions which will warrant the classification made, they will not interfere to strike down the legislation as a denial of the equal protection of the laws." Riley v. Lawson, 106 Fla. 521, 529, 143 So. 619, 622 (1932). Therefore, summary judgment was proper.
The City presents additional arguments finding fault with still other grounds for the court's decision, which have not been discussed. But as indicated previously, we do not find it necessary to discuss them.
Judgment affirmed.
ENGLAND, C.J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] The Act is now codified as § 125.0103, and by duplicate assignment and publication, § 166.043, Fla. Stat. (1977).
[2] The court held further that because the ordinance did not satisfy this provision, it violated a long list of constitutional provisions. See the final judgment, Conclusions of Law Q(8), (a)-(f). Record-on-Appeal, pp. 213, 218-19.
[3] The municipal corporation known as the City of Miami Beach was chartered by Ch. 7672, Laws of Florida (1917).
[4] Now codified in Chapter 166, Florida Statutes (1977).
[5] Since Chapter 77-50 is not a general law of local application, we need not examine it to determine whether the necessary second component of the City's contention  that it deals with a prohibited subject under Art. III, § 11  is correct.