789 So.2d 1168 (2001)
Patrick McGRATH III, Miamidade County, a political subdivision of the State of Florida, and Laureen Varga, Appellant,
v.
The CITY OF MIAMI, a municipal Lower corporation, Appellee.
No. 3D00-2754.
District Court of Appeal of Florida, Third District.
July 11, 2001.
Korge & Korge, and Thomas J. Korge, and Christopher G. Korge, Miami; Heise Markarian Foreman, and Mark J. Heise, and David Markarian, Miami; Robert A. Ginsburg, County Attorney, and Jess M. McCarty, Assistant County Attorney, for appellants.
Alejandro Vilarello, City Attorney, and Maria J. Chiaro, Assistant City Attorney; Weiss Serota Helfman Pastoriza & Guedes, and Joseph H. Serota, Miami, and Christopher F. Kurtz, Miami, for appellee.
Before COPE, GERSTEN, and SORONDO, JJ.
PER CURIAM.
Appellant, Patrick McGrath III, and intervenors/appellants, Miami Dade County and Laureen Varga, appeal from a final declaratory judgment which granted summary judgment in favor of the appellee, City of Miami ("City"), finding an ordinance to be validly enacted and upholding the constitutionality of a parking tax statute. We reverse.
In 1999, the Florida Legislature enacted Section 218.503(5), Florida Statutes (2000) ("statute"), which provides for a parking tax and states in pertinent part that:
The governing authority of any municipality with a resident population of 300,000 or more on April 1, 1999, and which *1169 has been declared in a state of financial emergency pursuant to this section within the previous two fiscal years may impose a discretionary per vehicle surcharge of up to 20 percent on the gross revenues of the sale, lease, or rental of space at parking facilities within the municipality that are open for use to the general public.
The statute was implemented by the City in July of 1999 when it passed and adopted ordinance No. 11813 ("ordinance"). Thereafter, the appellants/taxpayers challenged the constitutionality of the statute.
Under the Florida Constitution, a municipality may not impose any non-ad valorem tax, such as the parking tax at issue here, except as authorized by general law. See Art. VII, §§ 1(a) and 9(a), Fla. Const. Thus, in order to be constitutional, the statute must be a general law as opposed to a special law. See City of Tampa v. Birdsong, 261 So.2d 1 (Fla.1972). A general law is one that operates uniformly among a class of entities while a special law relates to particular entities. See Dept. of Business Regulation v. Classic Mile, Inc., 541 So.2d 1155 (Fla.1989).
The statute here constitutes a special law because by anchoring the 300,000 population classification to the specific date of April 1, 1999, it does not operate uniformly among all cities that reach the 300,000 population threshold as is required of a general law. Cities that reach the population threshold after April 1, 1999 are forever excluded from the class. As worded, the statute is no different than if it had identified by name the three particular cities to which it relates. See Fort v. Dekle, 138 Fla. 871, 190 So. 542 (1939); Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961); Ocala Breeders' Sales Company, Inc. v. Florida Gaming Centers, Inc., 731 So.2d 21 (Fla. 1st DCA 1999).
Since a statute which constitutes a special law cannot impose a non-ad valorem tax, the statute is unconstitutional. See Alachua County v. Adams, 702 So.2d 1253 (Fla.1997). Accordingly, the trial court erred in finding the ordinance was validly enacted and in granting summary judgment for the City. Therefore, the case must be reversed and the cause remanded to grant summary judgment in favor of the appellants/taxpayers.
Reversed.