NESBITT, Senior Judge.
Following invalidation of Section 218.503, Florida Statutes (1999), in McGrath v. City of Miami, 789 So.2d 1168 (Fla. 3d DCA 2001) affirmed 824 So.2d 143 (Fla.2002), the matter was remanded to the trial court with directions for it to consider the effect of Florida legislative action relating to the amendment of the statute in 2001.
Without notice to, or the knowledge of, present appellants (who are parking garage operators) the remaining parties entered into a joint stipulation and presented it ex parte to the trial judge, representing that it completely and totally settled all matters in the pending class litigation except with respect to a final “fairness” hearing. On October 23, 2002, the trial court entered an order preliminarily approving the settlement, certifying the class for purposes of the settlement (using a narrowed definition of the class from that contained in the pleadings, which narrowed definition excluded appellants) and scheduling a fairness hearing. Prior to that, appellants had filed an appearance and motions to intervene, to consolidate, and determine whether the action was maintainable as a class action (under the original class definition which arguably included appellants). Those matters had been duly noticed by appellants to be heard on October 24, 2002. On October 24, 2002, the trial court denied the plaintifPappellants motion to intervene in the class action. The plaintiff/appellants appeal both orders.
On appeal the appellees argue that appellants are not members of the class as defined either in the amended complaint or settlement agreement. In plain words they argue that the appellants have virtually no interest in the matter. Appellants argue convincingly that subsections (a) and (b) of section 202 of the Parking Surcharge Regulation (the ordinance which implemented the statute) provide in part that “[a] Surcharge is imposed upon each User entering into a parking transaction” and that “[a]ny Operator required under Article IX to collect the Surcharge and who fails to do so shall be liable for the Surcharge upon the full consideration received from the User” and that section 101(r) of the Regulation defines “Surcharge Payer” as “either the Operator or User.” Thus, appellees argument that the tax is imposed solely upon “Users” fails. It has long been the rule that the appropriateness of intervention is evaluated by whether the inter-venor will either gain or lose by the direct legal operation and effect of the judgment. Union Central Life, Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992); Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918).
Consequently, it is apparent that appellants should have been permitted to intervene and have an opportunity to participate in the merits of the class action. The order entered October 23, 2002 was void for lack of notice or an opportunity for the appellants to respond. Accordingly, we reverse both orders with directions to implement the Florida Supreme Court mandate.
It is so ordered.