Mr. Donald J. Lunny City Attorney City of Plantation 800 E. Broward Boulevard Suite 505 — Cumberland Building Fort Lauderdale, Florida 33301
Dear Mr. Lunny:
This is in response to your request for an opinion on substantially the following questions:
 1. CAN THE CITY OF PLANTATION IMPOSE ADDITIONAL REQUIREMENTS OR LIMITATIONS ON MEMBERSHIP FOR ITS BOARD OF ADJUSTMENT WHICH ARE NOT PROVIDED FOR BY STATE STATUTE?
 2. IN LIGHT OF s 163.225(3)(a), F.S., CAN THE CITY MAKE UNPERMITTED STRUCTURES ILLEGAL BY CITY ORDINANCE OR WOULD SUCH AN ORDINANCE CONTRAVENE OR CONFLICT WITH STATE LAW INSOFAR AS THE JURISDICTION OF THE BOARD OF ADJUSTMENT IS CONCERNED?
Your letter requests an opinion on the authority of the City of Plantation to superimpose certain limitations on membership on its Board of Adjustment which are not specifically provided for by state law. You also request an opinion concerning whether the city can adopt an ordinance declaring certain structures illegal even though such matters are within the appeals jurisdiction of the Board of Adjustment, or whether such an ordinance would conflict with state law establishing the jurisdiction of the Board.
QUESTION ONE
Your inquiry notes that the City of Plantation has long had an ordinance providing that members of appointive boards with a certain number of unexcused absences in any year are deemed to have vacated office. You also note that it has been a policy of the city to appoint only city residents to its boards, and that recently such a member moved to another county. Thus, you ask if the City of Plantation can by ordinance (1) require that members of the Board of Adjustment be `continuous residents' of the city while on the board, and (2) provide that absence without proper excuse from four board meetings in any calendar year results in removal from the board. Duly enacted municipal ordinances are afforded a presumption of validity, and thus, our office cannot undertake to determine the validity of a specific ordinance of the City of Plantation. However, it is my opinion in light of the following authorities that the City of Plantation may in general impose additional and supplementary requirements for membership on its Board of Adjustment which are not specifically provided for by state law.
Section 163.220(1), F.S., provides for a board of adjustment to be created by the governing body, and further provides that the members of that board shall be appointed by the governing body. In regard to removal from office, s 163.220(2) specifically provides:
 TERMS OF OFFICE, REMOVAL FROM OFFICE, VACANCIES. — Members of the board of adjustment shall serve for overlapping terms of not less than 3 or more than 5 years or thereafter until their successors are appointed. Not more than a minority of the terms of such members shall expire in any one year. Any member of the board of adjustment may be removed from office for cause by the appointing governing body upon written charges and after public hearing. Any vacancy occurring during the unexpired term of office of any member shall be filled by the governing body concerned for the remainder of the term. Such vacancy shall be filled within 30 days after the vacancy occurs. (e.s.)
Section 163.165 states the legislative intent of Part II of Ch. 163, `County and Municipal Planning for Future Development,' subsection (3) of 163.165 providing:
 Any governing body of any county or any incorporated municipality may, but shall not be required to, exercise any of the powers set out in this act. Whenever a governing body shall elect to exercise any of the powers granted by this act, such powers shall be exercised in the manner hereinafter prescribed. (e.s.)
Similarly, s 163.315(2) provides:
 Any municipal or county ordinance legally enacted under the provisions of any such pre-existing power and authority shall remain in force and effect after this act becomes effective until the county or municipality has elected to proceed under the provisions of this act and has brought such resolution or ordinance into conformity with the provisions of this act. However, after this act becomes effective in any county or municipality, such resolutions and ordinances shall be administered under the provisions of this act, and any amendments to any such county or municipal ordinance shall be made under the provisions of this act.
Thus, once a municipality has elected to proceed under Part II of Ch. 163, ordinances of the municipality and any amendments thereto must be in conformity and consistent with the provisions of Part II. Accord, AGO 79-40; see also, AGO 72-273.
In City of Miami Beach v. Rocio, 404 So.2d 1066, 1069-1071 (3 D.C.A. Fla., 1981) rev. den dismissed 408 So.2d 1092 (Fla. 1981), the Third District held that, while municipalities possess home rule powers, concurrent legislation enacted by municipalities may not conflict with a state law on the same subject. The court further held, citing Rinzler v. Carson, 262 So.2d 661 (Fla. 1972), that the test for such a `conflict' is whether the ordinance `forbid[s] what the legislature has expressly licensed, authorized or required . . .' or `authorize[s] what the legislature has expressly forbidden.' Restated, an ordinance which supplements a statute's restriction of rights may coexist with that statute, but an ordinance which countermands rights provided by statute must fail. 404 So.2d at 1070. Additionally, Rocio reiterated the principle that a municipal ordinance is inferior to state law, and held that doubts as to conflict between an ordinance and a state law are to be resolved against the ordinance and in favor of the statute. However, an ordinance which seeks to set the terms for `removal from office for cause' would seem to merely implement s 163.220(2), and does not seem inconsistent with or in `conflict' with Part II of Ch. 163, in light of the tests set forth in Rocio.Cf., AGO 74-25 (concluding that residency requirements for local officials constitute a `qualification for office,' and do not pertain to the matters enumerated in s 166.021[4], such that a municipality's home rule powers to adopt ordinances on residency requirements are not affected by the referendum requirement of s166.021[4]). Cf., AGO 72-269 (concluding that under former s114.01[4], F.S. [1971] if a city officeholder establishes legal residence outside that city, his office is deemed to have been vacated). Compare, s 114.01(1)(g), F.S. (1981); s 162.05(1) and (2), F.S. (1982 Supp.) (setting specific residency and attendance requirements for members of code enforcement boards) with the relative lack of specificity found in s 163.220(2).
QUESTION TWO
You also ask whether a city ordinance making unpermitted
structures illegal would conflict with state law, insofar as the jurisdiction of the Board of Adjustment, as set out in s 163.225, F.S., is concerned. Specifically, you are concerned about erection of structures which would violate zoning criteria and would not be permissive.
I perceive no conflict between such an ordinance and the statutorily prescribed jurisdiction of the Board of Adjustment. See, s 163.225(3)(d) (which severely limits the ability of the board to grant variances for uses expressly or by implication prohibited by the zoning ordinance); and note the special conditions and circumstances in s 163.225(3)(a)1., 3., and 5. that a board of adjustment must find to exist in order to authorize a variance from the terms of the zoning ordinance; and the definition of `variance' in s 163.70(8) providing among other things that the establishment or expansion of a use otherwise prohibited shall not be allowed by variance.
However, enactment of such an ordinance may be unnecessary in light of s 163.255 which expressly provides criminal penalties for violation of municipal zoning ordinances. Note also s 163.255(1) specifically provides that the `governing body is also empowered to provide civil penalties for such violations.' See also, s162.08(5) and s 162.09, F.S. (1982 Supp.) (vesting broad enforcement powers in code enforcement boards, designed to provide an effective means of enforcing local zoning codes).
In summary, it is my opinion that (1) the City of Plantation may impose additional requirements for membership on its Board of Adjustment which are not specified in s 163.220(2), so long as these requirements do not conflict with s 163.220(2); but that our office cannot pass on the validity of specific ordinances of the City of Plantation; (2) a municipal ordinance making unpermitted structures illegal does not appear to conflict with the statutory jurisdiction of the Board of Adjustment set out in s 163.225.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General