404 So.2d 1066 (1981)
CITY OF MIAMI BEACH, Appellant,
v.
ROCIO CORP., a Florida Corporation, and Rida Corp., a Florida Corp., and Carriage House Associates, a California General Partnership, Consisting of Harvey Rosen, David Rosen, Lawrence Kates and Arthur Burdorf, Appellees.
No. 80-626.
District Court of Appeal of Florida, Third District.
April 7, 1981.
John A. Ritter, City Atty., and Thomas M. Pflaum and Karen Alterman, Asst. City Attys., for appellant.
Lincoln Diaz-Balarat, Miami Shores, Legal Services of Greater Miami, Inc., for the City of Miami Beach as amicus curiae.
Nancy A. Cousins, City Atty., and Leonard Lubart, Asst. City Atty., for the City of Hollywood as amicus curiae.
Young, Stern & Tannenbaum and Norman Malinski, N. Miami Beach, for appellees.
Before HENDRY and BASKIN, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
PER CURIAM.
Cognizant of hardships endured by Miami Beach apartment residents when landlords repeatedly converted rental units into condominiums without regard to the growing apartment shortage, the City of Miami Beach enacted emergency ordinances designed to forestall the crisis[1] perceived as *1067 inevitable if landlords were permitted to convert their remaining apartments. The ordinances delayed conversions by extending leases and by creating a ninety-day moratorium on conversions. In this appeal by the City[2] from a trial court order enjoining the City from enforcing the ordinances, we address the preliminary issues[3] considered by the trial court upon stipulation of the parties: first, whether the subject of condominium conversion was preempted by the Florida Condominium Act, chapter 718, Florida Statutes (1979); and second, whether the ordinances conflict with the Florida Condominium Act. Either preemption of the subject by the state or conflict with state law would invalidate the ordinances. The trial court found that both preemption and conflict existed. Upon consideration of both issues, we hold that the state did not expressly preempt the subject of condominium conversion; we hold, however, that the City was properly enjoined from enforcing the ordinances because they conflict with state law. We affirm on that ground.
Ordinance No. 79-2169 provides that a developer may convert a rental unit into a condominium provided that each tenant shall have the right to extend an expiring lease for a period up to eighteen months. In the ordinance, the city commission declares that leases allowing landlords or developers at their option to terminate leases upon less than eighteen months notice to the tenant are against public policy. Ordinance No. 80-2197 prohibits an owner of multi-family housing units from converting rental housing to condominium units for a period of ninety days from the date of the ordinance. Ordinance No. 80-2201 corrects scrivener errors in Ordinance No. 80-2197.[4]
First, the City of Miami Beach contends that the legislature did not expressly preempt the subject of condominium conversion and that absent express preemption to the state, the City is free to enact ordinances restricting condominium conversion under the authority it derives from the Municipal Home Rule Powers Act, chapter 166, Florida Statutes (1979).
Next, the City argues that the ordinances in question are not in conflict with state law, but instead impose restrictions on activity already regulated by the state. It contends, therefore, that the ordinances supplement rather than conflict with state restrictions and are permissible municipal enactments. On this point we disagree.

1. Preemption.
Municipalities derive their powers from the Florida Constitution. Article VIII, Section 2(b), Florida Constitution (1968) provides:
Powers. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.
The extent of municipal power or home rule has been questioned in the courts. In City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla. 1972), the supreme court held that the constitutionally provided powers were insufficient to permit a municipality to enact a rent control ordinance absent enabling legislation. In apparent response to City of Miami Beach v. Fleetwood Hotel, Inc., supra, the Florida Legislature, in 1973, clarified the scope of municipal home rule and expressed a legislative purpose to remove limitations on the exercise of home rule powers by enacting the Municipal *1068 Home Rule Powers Act, ch. 73-129, Laws of Fla. (codified at ch. 166, Fla. Stat. (1973)). It acknowledged that municipalities may enact legislation on any subject upon which the state legislature may act unless expressly prohibited by law.
166.021 Powers. 
(1) As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.
(2) "Municipal purpose" means any activity or power which may be exercised by the state or its political subdivisions.
The legislature recognized certain exceptions:
(3) The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except:
(a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution;
(b) Any subject expressly prohibited by the Constitution;
(c) Any subject expressly preempted to state or county government by the Constitution or by general law; and
(d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution.
(4) The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the Constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the Constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.
§ 166.021, Fla. Stat. (1979).
The City of Miami Beach then enacted another rent control ordinance under the expanded authority afforded by section 166.021(1). In an action challenging the new ordinance, the supreme court in City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974), ruled that municipalities now possessed the power to enact such ordinances except when expressly prohibited by law, stating:
Ch. 73-129 is a broad grant of power to municipalities in recognition and implementation of the provisions of Art. VIII, § 2(b), Fla. Const.[1] It should be so construed as to effectuate that purpose where possible.[2] It provides, in new F.S. § 166.021(1), that municipalities shall have the governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services; it further enables them to exercise any power for municipal services, except when expressly prohibited by law.
305 So.2d at 766 (footnotes omitted); see Juergensmeyer and Gragg, Limiting Population Growth in Florida and the Nation: The Constitutional Issues, 26 U.Fla.L.Rev. 758, 764 (1974).
In light of these developments, we must decide whether condominium conversion is a subject "expressly preempted to state... government" and therefore excepted from the City's powers under section 166.021(3)(c). See also City of Temple Terrace v. Hillsborough Association for Retarded Citizens, Inc., 322 So.2d 571 (Fla. 2d DCA 1975), aff'd, 332 So.2d 610 (Fla. 1976); City of Miami Beach v. Forte Towers, Inc., supra. The Florida legislature has spoken on the subject of condominium conversion in Chapter 718, Florida Statutes (1979), which defines as its purpose:

*1069 (1) To give statutory recognition to the condominium form of ownership of real property.
(2) To establish procedures for the creation, sale, and operation of condominiums.
Every condominium created and existing in this state shall be subject to the provisions of this chapter.
§ 718.102(1), (2), Fla. Stat. (1979). Nowhere, either in its statements of purpose or other provisions, does chapter 718 expressly preempt[5] the subject to the state.[6]
Appellees argue that section 718.507, which prohibits laws concerning use, location, placement and construction of buildings, subject to the condominium form of ownership, preempts the subject. We disagree. The language of that section when read as a whole, Florida Jai Alai, Inc. V. Lake Howell Water & Reclamation District, 274 So.2d 522 (Fla. 1973), is clearly not a statement of preemption, but is instead a prohibition against condominium discrimination. The plain language of a statute must be read to mean what it says. Carson v. Miller, 370 So.2d 10 (Fla. 1979); Phil's Yellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961).
We conclude that the legislature has expressed its purpose to afford municipalities home rule with the exception of preempted subjects. We find no preemption of the subject of condominium conversion. The City is therefore permitted to exercise its power on that subject unless otherwise precluded.

2. Conflict.
One impediment to constitutionally derived legislative powers of municipalities occurs when the municipality enacts ordinances which conflict with state law. City of Miami Beach v. Fleetwood Hotel, Inc., supra; see Fla.St.U.L.Rev. 137, 148-49 (1975); cf. City of Miami Beach v. Frankel, 363 So.2d 555 (Fla. 1978) (Authority granted by general law can be restricted by general law). Municipal ordinances are inferior to state law and must fail when conflict arises. Rinzler v. Carson, 262 So.2d 661 (Fla. 1972); City of Miami Beach v. Fleetwood Hotel, Inc., supra; City of Wilton Manors v. Starling, 121 So.2d 172 (Fla. 2d DCA 1960); 1979 Op.Att'y Gen.Fla. 079-71 (August 10, 1979); 1975 Op.Att'y Gen.Fla. 075-164 (June, 9, 1975); 3 Fla.St.U.L.Rev. 137, 148-49 (1975). Contra 1976 Op.Att'y Gen.Fla. 076-212 (November 10, 1976).
In Rinzler v. Carson, supra, the court declared:
Municipal ordinances are inferior in stature and subordinate to the laws of the state. Accordingly, an ordinance must not conflict with any controlling provision of a state statute, and if any doubt exists as to the extent of a power attempted to be exercised which may affect the operation of a state statute, the doubt is to be resolved against the ordinance and in favor of the statute. A municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden. 23 Fla.Jur., Municipal Corporations, Section 93, p. 116; State ex rel. Baker v. McCarthy (1936) 122 Fla. 749, 166 So. 280; Wilton Manors v. Starling (1960, Fla.App.), 121 So.2d 172; Baltimore v. Sitnick, 254 Md. 303, 255 A.2d 376. In order for a municipal ordinance to prohibit that which is allowed by the general laws of the state there must be an express legislative grant by the state to the municipality authorizing such prohibition. McQuillin, Municipal Corporations, Vol. 5, Section 15.20.
262 So.2d at 668. The City maintains, however, that Rinzler v. Carson, supra, and City of Miami Beach v. Fleetwood Hotel, Inc., supra, which provide for resolution of conflict questions by favoring state law over *1070 municipal ordinances, no longer have vitality. The City argues that the passage in 1973 of chapter 166, Florida Statutes, Municipal Home Rule Powers Act, and the opinion of the court in City of Miami Beach v. Forte Towers, Inc., supra, provide municipalities with formerly absent power.
Although the legislature has extended municipal powers in the Municipal Home Rule Powers Act, the issue of conflict with state law has not been addressed. In City of Miami Beach v. Forte Towers, Inc., supra, the court overruled Fleetwood only with regard to the derivation of powers. The principle that a municipal ordinance is inferior to state law remains undisturbed. Although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law. If conflict arises, state law prevails. Cf. Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556 (Fla. 1980) (the enabling constitutional language of the Dade County Home Rule Charter provides that in the event of a conflict between a county ordinance and the Florida Constitution or general law, general law prevails). An ordinance which supplements a statute's restriction of rights may coexist with that statute, Eliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir.1970); Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661 (Fla. 3d DCA 1976), whereas an ordinance which countermands rights provided by statute must fail. Scavella v. Fernandez, 371 So.2d 535 (Fla. 3d DCA 1979).
Do the ordinances in question conflict with state law? The final judgment permanently enjoining the enforcement of the subject ordinances specified that conflict existed between the ordinances and sections 718.105, 718.107, 718.402, 718.501, 718.502, 718.503, 718.504, and 718.507 of the Condominium Act. The purpose of the Condominium Act, Section 718.102(1), is "to give statutory recognition to the condominium form of ownership of real property and to establish procedures for the creation, sale, and operation of condominiums." The statute does not restrict rights, but instead provides rights.
A comparison of the Condominium Act and the ordinances in question reveals apparent conflict:

 A. § 718.105: Recording of Ordinance No. 80-2197 (as amended)
 Declaration. (1) When prohibits filing of Declaration of
 executed as required by § Condominium for conversion for 90
 718.104, a declaration together days.
 with all exhibits and all
 amendments is entitled to
 recordation as an agreement
 relating to the conveyance of
 land.
 B. Section 718.107 pertains to
 "Restraints upon separation and
 partition of common elements."
 C. Section 718.402 permits Ordinance No. 80-2197, § 3 (as
 "conversion of existing amended) prohibits as unlawful the
 improvements to condominium." converting of rental apartments for
 90 days.
 Section 718.402(2)(a) permits a Ordinance No. 79-2169, § 17A-29
 tenancy to expire no provides that a tenancy can expire
 later than 180 days from date no later than 18 months after notice
 of notice to the tenant of the notice to the tenant.
 intended conversion.
 Section 718.402(3)(a) prohibits Ordinance No. 79-2169, § 17A-30
 cancellations of leases upon prohibits cancellation of leases
 less than 120 days notice (with upon less than 18 months notice.
 some exceptions).
*1071 D. Section 718.501 delegates the Ordinance No. 80-2197, § 5 (as
 power to enforce the amended) gives the city power to
 provisions of chapter 718 to enforce the prohibition against
 the Division of Florida Land creating condominiums.
 Sales and Condominiums.
 E. Section 718.502 requires filing Ordinance No. 80-2197, § 3 (as
 with the Division of Florida amended) prohibits filing of
 Land Sales and Condominiums Declaration as unlawful for 90
 prior to sale or lease. days.
 F. Section 718.503 provides Ordinance No. 80-2197, § 3 (as
 disclosure requirements prior amended) prohibits sale or
 to sale. conversion for 90 days.
 G. Section 718.504 regulates the Ordinance No. 80-2197, § 3 (as
 prospectus or offering circular. amended) prohibits sale or
 conversion for 90 days.
 H. Section 718.507 prohibits any Ordinance No. 80-2197 (as amended)
 law, ordinance or regulation and 79-2169 regulate buildings
 which establishes any which are or may be used as
 requirement concerning the use, condominiums.
 location, placement or
 construction of buildings or
 other improvements which are or
 may be used as condominiums.

Appellant's contention that the Condominium Act merely regulates and therefore permits the City to impose a supplementary burden consistent with statutory purposes, see Scavella v. Fernandez, supra, is without merit. When conduct permitted by state law is prohibited by local ordinance, citizens become hopelessly entangled in a web of government. Under the circumstances presented in this case, the local ordinances must yield to state statutes if stability in government is to prevail.
In conclusion, we hold that the subject of condominium conversion has not been expressly preempted by the state. The City of Miami Beach has been authorized to enact ordinances relating to condominium conversion provided they do not conflict with state law. Because the challenged ordinances conflict with state law, the trial court correctly enjoined their enforcement.
Affirmed.
NOTES
[1] The Florida Legislature recently recognized the problem and enacted the Roth Act, ch. 80-3, Laws of Fla., which amends the Condominium Act by permitting renters to extend leases for a prescribed number of days. The new legislation authorizes counties to permit additional extensions by ordinance under certain circumstances.
[2] The problem exists not only in Miami Beach but throughout the state as well. The City of Hollywood, Florida and Legal Services of Greater Miami, Inc. have filed amicus-curiae briefs in support of the position advanced by the City of Miami Beach.
[3] Other issues were reserved for future determination.
[4] The injunction refers to Ordinance No. 80-2220. The parties have stipulated that 80-2201 is the correct number.
[5] We are aware that preemption may be implied from comprehensive state coverage of the subject. 6 E. McQuillin, The Law of Municipal Corporations § 21.34, at 250 (3d ed. 1980). Chapter 166, however, requires "express preemption".
[6] See generally Deal, Post-Mortem-Home Rule, Fla.Municipal Rec., Nov. 1980, at 2.