Mr. Paul G. Komarek Town Attorney Town of Mexico Beach Post Office Box 2334 Panama City, Florida 32401
Dear Mr. Komarek:
This is in response to your request for an opinion on substantially the following question:
 DOES THE TOWN OF MEXICO BEACH HAVE LEGAL AUTHORITY TO REGULATE FISHING WHICH TAKES PLACE ON THE BEACH BELOW THE MEAN HIGH WATER LINE ON THE GULF OF MEXICO?
Chapter 67-1717, Laws of Florida, the Charter of the Town of Mexico Beach, provides in s 2 the physicial description of the town limits. As your letter notes, this description embraces a 1500 foot wide portion of the Gulf of Mexico lying adjacent to the described territorial boundaries. The foreshore area of beaches on the Gulf of Mexico below the mean high water is owned by the state in its sovereign capacity and held in trust for all the people. See, s 11, Art. X, State Const.; AGO 079-71.
Section 370.102, F.S., provides: `The power to regulate the taking or possession of saltwater fish, as defined in s. 370.01, is expressly reserved to the state.' (e.s.) And, s 370.01 defines saltwater fish as including `all classes of pisces, shellfish, sponges and crustacea indigenous to salt water.' Compare, s125.01(4), F.S. (which, while providing that ` a county shall not have the power to regulate the taking or possession of saltwater fish' [e.s.] does not prohibit the imposition of excise taxes by county ordinance on that activity); and AGO 075-213 concluding that to the extent that ordinances of Metropolitan Dade County purport to subject the taking or possession of saltwater fish to county regulation, said ordinances have been repealed by s 2 of Ch. 73-208, Laws of Florida (s 125.01[4], F.S.), and the Board of County Commissioners of Metropolitan Dade County is prohibited from adopting such a regulation except with respect to the imposition of excise taxes if otherwise authorized by general law.
Section 166.021(2) provides for a grant of broad home rule owers to municipalities, but s 166.021(3)(c) expressly provides that `[a]ny subject expressly preempted to state . . . government . . . by general law' is not included within a municipality's home rule powers. Compare, City of Miami Beach v. Rocio Corp.,404 So.2d 1066 (3 D.C.A. Fla., 1981), pet. for rev. den., 408 So.2d 1092
(Fla. 1981) (holding that there was no express preemption of the subject of condominium conversion, but that the ordinances in question conflicted with state law, and their enforcement should be enjoined. See also, AGO 075-167 (concluding that the power to regulate saltwater fishing has been preempted to the state by s 370.102 and s 125.01[4], F.S.); AGO 074-161 (concluding that s 370.102 prohibits a municipality from enacting legislation purporting to regulate the taking or possession of saltwater fish as defined in s 370.01, and from enforcing existing municipal ordinances having that effect). Cf., AGO 079-71 (concluding that `a municipality does not have the power to enact legislation regulating activities on state-owned public beaches which has been preempted by the state or is inconsistent or conflicts with laws or other regulations enacted or adopted by the state regulating such matters'); and AGO 071-337.
In light of the express language of ss 166.021(3)(c) and 370.102, F.S., and the conclusions set forth in AGO's 075-167 and 074-161, your question must be answered in the negative.
In summary, it is my opinion that the Town of Mexico Beach is without power to regulate saltwater fishing which takes place on the beach below the mean high water line on the Gulf of Mexico.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General