The Honorable James O. Catron, Jr. Mayor City of Madison 109 S.W. Rutledge Street Madison, Florida 32340
Dear Mayor Catron:
This is in response to your request for an opinion on substantially the following question:
 WHETHER A MUNICIPAL TRAFFIC ORDINANCE ENACTED PRIOR TO THE EFFECTIVE DATE OF THE UNIFORM TRAFFIC CONTROL LAW SETTING SPEEDS OTHER THAN THAT SPECIFIED IN s 316.189, F.S., MAY BE ENFORCED?
The Florida Uniform Traffic Control Law, Ch. 316, F.S., was enacted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities." Section 316.002, F.S. In the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, F.S., the Legislature recognizing that the movement of traffic was controlled by a "hodgepodge of ordinances which vary as to language and penalty," and which had caused an inconvenience and hazard to travelers, consolidated the existing state traffic laws contained in Ch. 317, F.S. 1969, the traffic ordinances contained in Ch. 186, F.S. 1969, and the suggested laws and ordinances contained in the Uniform Vehicle Code and the Model Traffic Ordinances into one uniform law applicable throughout the state and to all its municipalities and political subdivisions. While municipalities may control certain traffic movement or parking in their jurisdiction, s 316.002, F.S., makes it clear that any such authority is "supplemental to the other laws or ordinances of this chapter and not in conflict therewith." This section goes on to state that it is unlawful for any local authority, which includes municipalities, to pass or to attempt to enforce any ordinance in conflict with the provisions of Ch. 316. See also, s 316.007, F.S., which states that the provisions of Ch. 316 are to be applicable and uniform throughout the state and in all political subdivisions and municipalities therein and that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized." Compare, s 166.021, F.S., which operates to prohibit a municipality from exercising any power for municipal purposes or enacting any municipal legislation when expressly prohibited by law or when the subject matter is expressly preempted to the state by general law. And see, City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), Pet. for rev. den., 408 So.2d 1092 (Fla. 1981) (municipal ordinances are inferior to state law and must fail when conflict arises). The aforementioned provisions of ss 316.002 and316.007 operate to prohibit any conflicting local legislation on traffic control or the enforcement thereof under the police power by a municipality, except as may be expressly authorized by the Uniform Traffic Control Law.
According to your letter, the City of Madison has a municipal ordinance which sets a speed limit of 25 miles per hour in a residential district. This ordinance was passed prior to the enactment of the Uniform Traffic Control Law, Ch. 316, and you wish to know if this ordinance may properly be enforced. Such ordinance must be afforded a presumption of validity until and unless judicially determined otherwise, and it is beyond the authority of this office to declare it invalid. You question whether this ordinance setting the speed limit in a residential district is one of those matters within the power of a local authority, such as a municipality, to properly regulate. Section316.008(1), F.S., provides that "[t]he provisions of this chapter shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power, from [pertinent to your inquiry] (j) Altering or establishing speed limits within the provisions of this chapter[.]" (e.s.) Directly pertaining to the establishment of municipal speed zones s 316.189(1), F.S., sets forth the requirements of Ch. 316 for such establishment or alteration:
 The maximum speed within any municipality is 30 miles per hour in the daytime or nighttime. However, a municipality may set speed zones altering such speed, both as to maximum, not to exceed 55 miles per hour, and minimum, after investigation determines such a change is reasonable and in conformity to criteria promulgated by the Department of Transportation, except that no changes shall be made on state highways or connecting links or extensions thereof, which shall be changed only by the Department of Transportation. (e.s.)
These provisions of Ch. 316, F.S., are clear and require no resort to rules of statutory construction to make their meaning and application certain. While Ch. 316, F.S., recognizes that there are certain traffic regulatory matters over which a municipality may by ordinance regulate, it is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of Ch. 316. Section 316.002, F.S. Section 316.008, F.S., expressly enumerates those matters over which a municipality may control traffic movement or parking on the streets and highways within its jurisdiction. Among those areas enumerated, paragraph (j) of s 316.008(1) empowers a municipality in the reasonable exercise of its police power to alter or establish speed limits, but this paragraph goes on to expressly state that such alteration or establishment must be done "within the provisions of this chapter." Specifically, s 316.189(1) provides that a municipality may set speed zones altering the 30 miles per hour limit "after investigation determines such a change is reasonable and in conformity to criteria promulgated by the Department of Transportation." No provision is made for the recognition and enforcement of municipal ordinances setting different speed limits which were passed prior to the enactment of the Uniform Traffic Control Law, Ch. 316. In fact, implicit in the use of the word "change" is that the Legislature has set the speed limit at 30 miles per hour for all municipalities which supersedes all existing ordinances and for a municipality to properly set and enforce a different speed limit, it must comply with the procedures prescribed in s 316.189. Further, subsection (3) of s316.189, F.S., reinforces this position by expressly stating that "[n]o change in speeds from 30 miles per hour or from those established in s. 316.183 shall take effect until the zone is posted by the authority changing the speed pursuant to this section and s. 316.187." See also, subsection (4) of s 316.189, F.S., which provides that "[v]iolation of the speed limits established pursuant to this section shall be punished as set forth in s. 316.655." (e.s.) The Department of Transportation has adopted Rule 14-15.12, F.A.C., which incorporates by reference its manual "Speed Zoning For Highways, Roads Streets in Florida." This manual sets forth the procedures and criteria for the establishment or alteration of speed limits in municipalities. See also, s 2B-10 of the "Manual on Uniform Traffic Control Devices."
Finally, it has been suggested that an earlier opinion of this office, AGO 74-248, takes a contrary position to the one reached herein. That opinion concluded that a municipal traffic ordinance enacted prior to the effective date of the Uniform Traffic Control Law could continue to be enforced provided the activity regulated by such ordinance is a proper subject of municipal traffic regulation pursuant to s 316.008, F.S. However, AGO 74-248 also recognized that under the express terms of Ch. 316 it is unlawful for any local authority to "attempt to enforce any ordinance in conflict with the provisions of [Ch. 316.]" Thus, there is no conflict between the opinion reached here and the conclusion of AGO 74-248 since a municipality may continue to enforce ordinances on subjects proper for municipal traffic regulation as specified in s 316.008, F.S., except where there is a conflict between the ordinance and a provision of Ch. 316 or, as in the present situation, Ch. 316 specifies the manner or procedures by which a municipality may properly regulate traffic control matters.
It is therefore my opinion that in order for a municipality to alter the 30 miles per hour speed limit set in s 316.189, F.S., such municipality must first conduct an investigation to determine that such a change is reasonable and in conformity to criteria promulgated by the Department of Transportation, and upon making any such change, comply with the requirements for posting of speed limits specified in s 316.189(3), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General