Mr. Donald Hall City Attorney City of Ft. Lauderdale Post Office Drawer 14250 Fort Lauderdale, Florida 33302
Dear Mr. Hall:
You have requested my opinion on the following question:
 MAY A MUNICIPALITY ADOPT AN ORDINANCE REGULATING PARKING FOR PHYSICALLY DISABLED PERSONS ON PRIVATE PROPERTY AND PROVIDING THAT ANY NONHANDICAPPED PERSON FOUND GUILTY OF PARKING IN A SPACE DESIGNATED FOR THE PHYSICALLY DISABLED MAY BE FINED UP TO $150?
Chapter 316, F.S., the Uniform Traffic Control Law, was enacted in order to make uniform traffic laws applicable throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. Section 316.002, F.S. In the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, F.S., the Legislature recognizing that the movement of traffic was controlled by a "hodgepodge of ordinances which vary as to language and penalty," and which had caused an inconvenience and hazard to travelers, consolidated the existing state traffic laws contained in Ch. 317, F.S. 1969, the traffic ordinances contained in Ch. 186, F.S. 1969, and the suggested laws and ordinances contained in the Uniform Vehicle Code and the Model Traffic Ordinances into one uniform law applicable throughout the state and to all its municipalities and political subdivisions. While municipalities may control certain traffic movement or parking in their jurisdiction, s 316.002, F.S., makes it clear that any such authority is "supplemental to the other laws or ordinances of this chapter and not in conflict therewith." This section goes on to state that it is unlawful for any local authority, which includes municipalities, to pass or to attempt to enforce any ordinance in conflict with the provisions of Ch. 316. See also, s 316.007, F.S., which states that the provisions of Ch. 316 are to be applicable and uniform throughout the state and in all political subdivisions and municipalities therein and that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized." (e.s.) Compare, s166.021, F.S., which operates to prohibit a municipality from exercising any power for municipal purposes or enacting any municipal legislation when expressly prohibited by law or when the subject matter is expressly preempted to the state by general law. And see, City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), pet. for rev.den., 408 So.2d 1092 (Fla. 1981) (municipal ordinances are inferior to state law and must fail when conflict arises). The aforementioned provisions of ss 316.002 and316.007 operate to prohibit any conflicting local legislation on traffic control or the enforcement thereof under the police power by a municipality, except as may be expressly authorized by the Uniform Traffic Control Law.
Section 316.008(1)(a), F.S., provides that local authorities, which include municipalities (s 316.003[20], F.S. [1982 Supp.] "with respect to streets and highways under their jurisdiction," may reasonably regulate parking. Streets or highways are defined for purposes of Ch. 316 as "[t]he entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic or any area, such as . . . parking lots, within the boundary of any airport owned by . . . a municipality or political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public." (e.s.) Section 316.003(54), F.S. (1982 Supp.), as amended by s 1 of Ch. 83-164, Laws of Florida. Compare, s 316.003(34), F.S. (1982 Supp.), defining private roads or driveways as privately owned places or ways used for vehicular traffic by persons having the express or implied permission of the owner, but not by other persons.
The question of a municipality's authority to regulate parking in any particular instance depends on the precise nature and extent of the use of the affected private property, see, s 316.003(54), F.S. 1983, and whether the public has acquired "the right to travel by motor vehicle" on such property (see, s 316.640[3][a], F.S.), presents a mixed question of law and fact which this office cannot resolve. This office has stated that the apparent intent of the Legislature was to make the provisions of Ch. 316 applicable to such privately owned "public" or "quasi-public" facilities as shopping centers, parking lots, etc. See, e.g., AGO's 73-323 and 72-383. See generally, AGO 51-183, June 28, 1951, Biennial Report of the Attorney General, 1951-1952, p. 481 and AGO's 66-59 and 58-144 (where private owner permits the general and common use of a street or way by the public, he subjects such street to all necessary controls which are applicable to public streets). Thus it is the availability of the area or place for, and the right to, the general and common use thereof by the public which makes it a quasi-public area and provides authority for the public control thereon pursuant to s 316.640(3)(a). Compare, s 2 of Ch. 83-164, Laws of Florida, adding paragraph (v) to s 316.008(1), F.S., which authorizes municipalities to regulate, restrict or prohibit traffic within the boundary of any airport owned by a municipality and enforce violations under the provisions of Ch. 316 and Ch.318, F.S.
Two sections of Ch. 316, F.S., expressly and specifically deal with parking spaces for the physically disabled. Section 316.1955, F.S., requires state agencies and political subdivisions having jurisdiction over street parking or publicly owned and operated parking facilities to provide a specified minimum number of specially designed and marked parking spaces for the exclusive use of certain physically disabled persons. Section 316.1956, F.S., affects parking spaces provided for the physically disabled by nongovernmental entities, and states that any business, firm or other person licensed to do business with the public may provide specially designed and marked parking spaces for the exclusive use of the physically disabled. Section 316.1956 does not delegate any authority to municipalities to regulate parking for the physically disabled on private property. These sections also provide a specific penalty for the improper use of such specially designed and marked parking spaces. See, ss 316.1955(5)(b) and 316.1956(3), F.S.
It is clear that the Legislature intended the designated business establishments or licensees to have the option whether to provide specially designed and marked parking spaces for the exclusive use of certain physically disabled persons to be enforced by law enforcement officers, or parking enforcement specialists against any person parking a vehicle in such spaces without displaying a duly issued parking permit. It is also evident that the Legislature did not intend to impose a mandatory requirement on such businesses or licensees as it did on state agencies and political subdivisions. The Legislature dealt with both sections three times in three different acts, yet s 316.1956 remained discretionary while s 316.1955 remained mandatory. See, Chs. 77-83, 77-444 and 79-82, Laws of Florida.
Any municipal ordinance that purports to require specially designed and marked parking spaces for the exclusive use of physically disabled persons with duly issued parking permits on private property would not only be unauthorized but in conflict with the provisions of s 316.1956, F.S., making the provision of such parking spaces discretionary with the designated businesses or licensees. The Legislature, by the enactment of s 316.1956, F.S., has preempted the regulation of parking for the physically disabled on private property and a municipality cannot enact ordinances on the same subject. See also, AGO's 80-80 (concluding that the state had preempted regulation of horse-drawn vehicles and that a city could not ban them), 77-84 (in which this office concluded that a city could not enact an ordinance regulating mopeds because of a conflict with Ch. 316, F.S.), and 74-361 (concluding that a city could not enact an ordinance concerning hitchhiking because this was a matter already addressed in Ch.316, F.S.).
It is therefore my opinion that municipalities are not authorized by law to enact an ordinance regulating parking for physically disabled persons on private property.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General