Mr. Laurence Feingold Miami Beach City Attorney Post Office Box O Miami Beach, Florida 33119-2032
Dear Mr. Feingold:
On behalf of the Mayor and the City Commission of the City of Miami Beach, you ask substantially the following question:
May the City of Miami Beach by ordinance extend the notice provisions in section 83.57, Florida Statutes, for the termination of residential tenancies without specific duration?
In sum:
A municipal ordinance that merely supplements the notice provisions in section 83.57, Florida Statutes, would not conflict with the statute and would, therefore, be valid.
You state that present conditions in the City of Miami Beach create a hardship for tenants with month-to-month leases who are forced to vacate and relocate on fifteen days notice. The city commission is contemplating legislation that would require at least thirty days notice for the termination of residential tenancies of month-to-month or shorter duration. The question arises, however, whether the city would be preempted from legislating on this subject in light of the provisions in Part II, Chapter 83, Florida Statutes, or whether such local legislation would conflict with the state statute applicable to residential tenancies.
Chapter 166, Florida Statutes, the "Municipal Home Rule Powers Act," grants to municipalities broad home rule powers. This statute provides that "municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."[1]
Section 166.021(4), Florida Statutes, further provides that the statute is to be construed so as to secure for municipalities the broad exercise of home rule powers granted by the Constitution, general or special law, or in charter counties by the county charter, and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those expressly prohibited. Thus, municipalities may exercise any governmental power for municipal purposes except when expressly prohibited by law and may legislate on any subject matter on which the Legislature may act, except subjects preempted by statute to the state or county.[2]
The municipal power to regulate, however, is subject to the state's paramount power to regulate matters in order to protect public health, safety and welfare. A municipality's attempt to regulate in an area preempted by the state or where the regulation is inconsistent with general law or regulations adopted by the state would be invalid.[3] In City of Miami Beach v. Rocio Corp.,[4] the court held that municipal ordinances are inferior to state law and must fail when conflict arises. The Rocio court acknowledged that local and state legislation may be concurrent in areas not preempted by the state, but state law prevails over conflicting concurrent legislation enacted by a local government.[5]
In Jordan Chapel Freewill Baptist Church v. Dade County,[6] the district court reviewed a Dade County ordinance that imposed regulations on bingo operations more strict than those prescribed by state statute. In recognizing that local ordinances may not conflict with state law, the court discussed that "conflict" exists when compliance with a county ordinance requires a violation of state statute or renders compliance with a state statute impossible.[7] The Jordan court concluded that the state bingo statute constituted minimum regulations and contained no language that could be deemed a prohibition against additional stricter regulations by local government agencies.[8] Finding that the county ordinance merely supplemented the state statute, the court determined that compliance with the county ordinance was possible without violating the state law.[9]
Chapter 83, Part II, Florida Statutes, the "Florida Residential Landlord and Tenant Act," applies to the rental of a dwelling unit.[10] The act sets forth the rights and duties of landlords and tenants in the rental of dwelling units. There is no express preemption to the state of the regulation of residential tenancies. Section 83.57, Florida Statutes, however, states:
A tenancy without a specific duration, as defined in s. 83.46(2) or (3), may be terminated by either party giving written notice . . . as follows: (1) When the tenancy is from year to year, by giving not less than 60 days' notice prior to the end of any annual period; (2) When the tenancy is from quarter to quarter, by giving not less than 30 days' notice prior to the end of any quarterly period; (3) When the tenancy is from month to month, by giving not less than 15 days' notice prior to the end of any monthly period; and (4) When the tenancy is from week to week, by giving not less than 7 days' notice prior to the end of any weekly period. (e.s.)
Thus, the Legislature has provided minimum notification rights to both the landlord and the tenant regarding the termination of a tenancy without a specific duration. There is no language in section 83.57, Florida Statutes, that may be construed as a prohibition against more lengthy notice requirements by a local government. The enlargement of the notification period by the City of Miami Beach by passing an ordinance requiring at least thirty days notice before termination of a month-to-month or week-to-week tenancy by either party would be supplemental to the state statute and compliance with such ordinance is possible without violating section 83.57, Florida Statutes.[11]
Accordingly, I am of the opinion that the City of Miami Beach may enact local legislation extending the notice requirements for the termination of a tenancy without a specific duration. Such action by the municipality would supplement the provisions in section83.57, Florida Statutes, and compliance with the resulting ordinance would not violate section 83.57, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 166.021(1), Fla. Stat. (1993), implementing the powers granted in Article VIII, section (2)(b), Florida Constitution.
[2] See, City of Tampa v. Braxton, 616 So.2d 554 (Fla. 2d DCA 1993) (municipality opting for a code enforcement board under chapter 162, Florida Statutes, prohibited from enforcing its ordinances in any manner other than that described in chapter 162).
[3] See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1070
(Fla. 3rd DCA 1981), appeal dismissed and petition for review denied, 408 So.2d 1092 (Fla. 1981).
[4] 404 So.2d 1066 (Fla. 3d DCA 1981).
[5] Id. at 1070.
[6] 334 So.2d 661 (Fla. 3rd DCA 1976).
[7] Id. at 664.
[8] Id.
[9] Id. at 664-665.
[10] Section 83.43(2), Fla. Stat. (1993), defines "[d]welling unit" as:
(a) A structure or part of a structure that is rented for use as a home, residence, or sleeping place by one person or by two or more persons who maintain a common household. (b) A mobile home rented by a tenant. (c) A structure or part of a structure that is furnished, with or without rent, as an incident of employment for use as a home, residence, or sleeping place by one or more persons.
[11] Rocio at 1070 (an ordinance that supplements a statute's restriction of rights may coexist with that statute, whereas an ordinance that countermands rights provided by statute must fail).