Mr. Randy Ludacer Monroe County Attorney 310 Fleming Street, Second Floor Key West, Florida 33040
Dear Mr. Ludacer:
You ask substantially the following questions:
1. May a county limit the owner/builder exception in section489.103(7), Florida Statutes, to the construction of single family residences and to persons seeking building permits no more frequently than every three years?
2. May rough carpentry work such as framing a house be performed by persons other than those licensed as a general, residential or building contractor?
3. May the county make recommendations pursuant to subsections489.113(4)(b) and (c), Florida Statutes, regarding disciplinary action against a state certified contractor by the Construction Industry Licensing Board and to limit the contractor's ability to obtain local building permits?
4. May an owner/builder contract with unlicensed individuals to perform construction work?
5. May a certified or registered contractor contract with an unlicensed person to perform construction work under section489.113(2), Florida Statutes?
In sum:
1. A county may regulate the quality and character of work performed by contractors and an owner/builder to assure compliance with state and local building laws; however, the county may not restrict an owner/builder to the construction of a single family residence and limit such construction to no more than every three
years without such owner/builder being licensed by the Construction Industry Licensing Board.
2. Rough-framing work may be performed by someone who is not licensed as a contractor, but such work must be performed under the supervision of either a licensed contractor or an owner/builder pursuant to the provisions of Part I, Chapter 489, Florida Statutes, if such work is part of a contracted job.
3. A county may deny or limit the issuance of a building permit to contractors who are found to be guilty of fraud or willful violation of building codes and may report such action to the Department of Business and Professional Regulation. There is no statutory prohibition against a county recommending disciplinary measures to the department.
4. An owner/builder may not contract with unlicensed individuals to perform construction work that would require licensure under Part I, Chapter 489, Florida Statutes.
5. A licensed contractor may contract with an unlicensed individual to perform construction work only if the work performed does not fall within one of the categories in section489.105(3)(d)-(o), Florida Statutes, for which a license is required.
Question One
Section 489.103(7), Florida Statutes, states that the licensing provisions of Part I, Chapter 489, Florida Statutes, do not apply to:
Owners of property when acting as their own contractor and providing all material supervision themselves, when building or improving farm outbuildings or onefamily or two-family residences on such property for the occupancy or use of such owners and not offered for sale or lease, or building or improving commercial buildings at a cost of under $25,000 on such property for the occupancy or use of such owners and not offered for sale or lease. In an action brought under this part, proof of the sale or lease, or offering for sale or lease, of any such structure by the owner-builder within 1 year after completion of same creates a presumption that the construction was undertaken for purposes of sale or lease. This subsection does not exempt any person who is employed by such owner and who acts in the capacity of a contractor.
Section 489.103(7), Florida Statutes, may not be read to exempt the designated property owners from local building regulations or laws, nor does it prohibit local governments from regulating building by such property owners. Thus, as concluded in Attorney General Opinion 83-4, the statute does not preempt the field as related to such property owners building or improving buildings on their properties under the circumstances enumerated in subsection (7).[1] In that opinion, this office determined that subsection (7) operates only to exempt such property owners from the operation and licensure requirements of Part I, Chapter 489, Florida Statutes, provided that the designated buildings or improvements are not offered for sale or lease but are for the occupancy or use of the property owners, and does not exempt such persons from local competency examination requirements.
Thus, while a local government may regulate the quality and character of work performed by contractors through a system of permits, fees, and inspections designed to secure compliance with state and local building laws,[2] it may not alter the licensing requirements or exemptions provided in Part I, Chapter 489, Florida Statutes. Furthermore, a local government through its building code may not prohibit that which is allowed or allow that which is prohibited by state law.[3] Accordingly, to the extent section 489.103(7), Florida Statutes, allows an owner/ builder to act as his or her own contractor without being licensed under the provisions of Part I, Chapter 489, Florida Statutes, the county may not further limit the type of construction that may be performed or the time frame within which an owner/builder may construct and sell a building without being licensed pursuant to Part I, Chapter 489, Florida Statutes.
Question Two
Part I, Chapter 489, Florida Statutes, requires the licensure of construction contractors as a prerequisite to practicing in Florida. To be licensed a person must be either certified or registered as a contractor.[4]
A "[c]ontractor" is defined in section 489.105(3), Florida Statutes, as
the person who is qualified for, and shall only be responsible for, the project contracted for and means, except as exempted in this part, the person who, for compensation, undertakes to, submits a bid to, or does himself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others; and whose job scope is substantially similar to the job scope described in one of the subsequent paragraphs of this subsection.
The licensing requirements of Part I, Chapter 489, Florida Statutes, do not apply to employees of a certificateholder or registrant acting within the scope of the license held by the certificateholder or registrant and with the knowledge and permission of the licenseholder.[5] Moreover, section 489.113(2), Florida Statutes, provides that "a person who is not certified or registered may perform construction work under the supervision of a person who is certified or registered, provided that the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work which would require a license as a contractor under any of the categories listed in s. 489.105(3)(d)-(o)."
For purposes of Part I, Chapter 489, Florida Statutes, "contracting" means
engaging in business as a contractor and includes, but is not limited to, performance of any of the acts as set forth in subsection (3) which define types of contractors. The attempted sale of contracting services and the negotiation or bid for a contract on these services also constitutes contracting. If the services offered require licensure or agent qualification, the offering, negotiation for a bid, or attempted sale of these services requires the corresponding licensure. . . .[6]
The descriptions for the various types of contractors listed in section 489.105(3), Florida Statutes, do not include rough framing as a service performed by an individual that would subject the person to the licensing requirements in Part I, Chapter 489, Florida Statutes. Such work would appear to be more in the nature of services provided by a journeyman or craftsman that, while subject to local licensing and competency requirements, would not require licensure by the state.[7] As noted above, however, a person who is not certified or registered under the provisions of Part I, Chapter 489, Florida Statutes, may only perform construction work under the supervision of a licensee, provided the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work that would require a license as a contractor.
Question Three
Section 489.113(2)(b), Florida Statutes, provides:
[a] county, municipality, or local licensing board created by special act may issue a cease and desist order to prohibit any person from engaging in the business of contracting who does not hold the required certification or registration for the work being performed under this part.
Pursuant to section 489.113(4)(a), Florida Statutes, a certificateholder (certified contractor) who desires to engage in contracting in any area of the state is required only to exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits in the area evidence of holding a current certificate and to pay the fee for the occupational license and building permits required of other persons. The local construction regulation board, however, may deny a building permit to a certified contractor, or issue a permit with specific conditions, if the board has found the contractor, through the public hearing process, to be guilty of fraud or willful building code violation within the county or municipality represented by the regulatory board.[8] Moreover, the local government may deny the issuance of or sus-pend any building permit where a contractor fails or refuses to provide proof of public liability and property damage insurance coverage as required by state law.[9] Thus, the statute authorizes local governments to deny permits to those certified contractors under the conditions specified therein.
Section 489.113(4)(b), Florida Statutes, specifically states that "[n]otification of and information concerning such permit denial shall be submitted to the Department of [Business and] Professional Regulation within 15 days after the local construction regulation board decides to deny the permit."
Thus, Part I, Chapter 489, Florida Statutes, sets forth the manner in which local governments are to provide information to the Department of Business and Professional Regulation. Furthermore, there is no statutory prohibition against a county recommending disciplinary measures to the Department of Business and Professional Regulation.
Question Four
As discussed above, the owner/builder exception authorizes such an individual to act as his or her own contractor under specific situations. Section 489.103(7), Florida Statutes, in pertinent part, provides that "[t]his subsection does not exempt any person who is employed by such owner and who acts in the capacity of a contractor." Thus, an owner/builder may not contract with unlicensed individuals to perform construction work that is subject to the licensing requirements in Part I, Chapter 489, Florida Statutes.
Question Five
As noted in Question Two, section 489.113(2), Florida Statutes, a person who is not certified or registered under the provisions of Part I, Chapter 489, Florida Statutes, may perform construction work under the supervision of a licensee, provided the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work that would require a license under subsections 489.105(3)(d)-(o), Florida Statutes. Section 489.105(3), Florida Statutes, divides contractors into two groups. Division I is made up of general contractors, building contractors and residential contractors, as defined in section 489.105(3)(a)-(c), Florida Statutes. Division II contractors are those defined in subsections (d)-(q) of that section.
Section 489.113(2), Florida Statutes, specifically provides that an unlicensed individual may perform construction work under the supervision of a licensee only if the person "is not engaged in construction work which would require a license as a contractor under any of the categories listed in s. 489.105(3)(d)-(o)." Thus, a licensed contractor may contract with an unlicensed individual to perform construction work only if the work performed does not fall within one of the categories in section 489.105(3)(d)-(o), Florida Statutes, for which a license is required.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See also, Op. Att'y Gen. 89-27 Fla. (1989), in which this office concluded that the owner/builder exception in section489.103(7), Florida Statutes, does not apply to the owner of a mobile home who leases the property on which the mobile home is located.
[2] See, section 489.131(3)(a), Florida Statutes.
[3] See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1070
(Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981) (although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law).
[4] Section 489.113(2), Florida Statutes, providing that "[n]o person who is not certified or registered shall engage in the business of contracting in this state."
[5] Section 489.103(2), Florida Statutes.
[6] Section 489.105(6), Florida Statutes.
[7] Cf., Op. Att'y Gen. Fla. 79-112 (1979) in which this office concluded that employees of a certified construction or electrical contractor are not exempted from the local licensing and testing requirements of counties or municipalities and must, therefore, comply with the local regulations for examination and licensing.
[8] See, section 489.113(4)(b), Florida Statutes, which also provides:
a local construction regulation board may deny the issuance of a building permit to a certified contractor, or issue a permit with specific conditions, . . . if the local construction regulation board has proof that such contractor, through the public hearing process, has been found guilty in another county or municipality within the past 12 months, of fraud or a willful building code violation and finds, after providing notice of an opportunity to be heard to the contractor, that such fraud or violation would have been fraud or a violation if committed in the county or municipality that the local construction board represents.
[9] See, section 489.114, Florida Statutes, requiring workers' compensation insurance coverage and section 489.115(5), Florida Statutes, requiring public liability and property damage insurance coverage. See also, Op. Att'y Gen. Fla. 91-2 Fla. (1991) (local authorities may refuse to issue building permits to those state certified contractors who are found to have willfully committed a building code violation or to have engaged in fraud).