Mr. Robert B. Battista Brooksville City Attorney Post Office Box 997 Brooksville, Florida 34605-0997
Dear Mr. Battista:
You have asked for my opinion on substantially the following question:
Is the City of Brooksville authorized to impose sanctions for subsequent violations of its litter ordinance when section403.413, Florida Statutes, does not provide for such sanctions?
In sum:
The City of Brooksville may adopt an ordinance that imposes sanctions for subsequent violations of its littering ordinance and such an ordinance would not conflict with section 403.413(6), Florida Statutes.
Section 2(b), Article VIII, of the Florida Constitution provides, in part, that:
"Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law."
The Florida Supreme Court has stated that this constitutional provision "expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services."[1] The Court stated, in the City of Sunrise case, that the only limitation on the power of municipalities under this constitutional section is that such power must be exercised for a valid municipal purpose.
As determined by the Court, "[l]egislative statutes are relevant only to determine limitations of authority" and municipalities need no further authorization from the Legislature to conduct municipal government.[2]
Pursuant to section 166.021(1), Florida Statutes, municipalities are granted "the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law." Section 166.021(3), Florida Statutes, prescribes limitations on the subjects that municipal legislation may address and provides:
"(3) The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except:
(a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution;
(b) Any subject expressly prohibited by the constitution;
(c) Any subject expressly preempted to state or county government by the constitution or by general law; and
(d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution."
The relationship between local and state legislation was specifically discussed by the Florida Supreme Court in the Rocio
case:
"The principle that a municipal ordinance is inferior to state law remains undisturbed. Although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law. If conflict arises, state law prevails. An ordinance which supplements a statute's restriction of rights may coexist with that statute, whereas an ordinance which countermands rights provided by statute must fail."[3]
The City of Brooksville may legislate on any matter upon which the Legislature may act, so long as its ordinance does not forbid what the Legislature has expressly licensed or authorized or permit what the Legislature has expressly forbidden.[4] The Legislature has adopted a statute regulating litter, and a municipality may also legislate on this subject in the absence of preemption or conflict.
Section 403.413, Florida Statutes, is the "Florida Litter Law."[5]
This statute authorizes the imposition of civil and criminal penalties and fines against any person who dumps litter in violation of its provisions. The amount and severity of the penalty imposed is proportionate to the amount of litter dumped in violation of the statute. This includes a civil penalty of $50 against a person who dumps an amount of litter not exceeding 15 pounds, a first-degree misdemeanor charge against a person who dumps an amount of litter exceeding 15 pounds but not more than 500 pounds, and a third-degree felony charge against a person who dumps an amount of litter that exceeds 500 pounds or is hazardous waste.[6] The statute also authorizes a court to enter an injunction against a violator and to declare as contraband and subject to forfeiture any motor vehicle, vessel, aircraft, or other machine used to dump large amounts of litter.[7]
After establishing a comprehensive scheme for prohibiting and punishing the dumping of litter, the statute provides that "[t]his section does not limit the authority of any state or local agency to enforce other laws, rules, or ordinances relating to litter or solid waste management."[8] Thus, the Florida Litter Law would not preempt the adoption or enforcement of local litter ordinances.
The City of Brooksville has adopted a local litter ordinance that prohibits the throwing, discarding, placing, or depositing of litter in public places and waterways within the city's jurisdiction.[9] Section IV of the ordinance provides penalties for this conduct and, as with the state statute, the severity of the penalties provided reflects the quantity of litter discarded. This section also states:
"That subsequent violations of this ordinance are specifically authorized to be prosecuted under the City's Code Enforcement Ordinance and all subsequent penalties are authorized to be as provided for in said section."[10]
The state statute does not contain a parallel provision for subsequent violations of the litter ordinance.
However, section 403.413, Florida Statutes, does not represent the exclusive method of regulating litter so that the subject is preempted to the state. Rather, the provisions of the ordinance appear to supplement the statutory scheme to provide a method for penalizing subsequent violations, and the two may coexist. The subsequent violations provision of the City of Brooksville's ordinance does not countermand the directives of the statute.[11]
Therefore, it is my opinion that the City of Brooksville may adopt an ordinance that imposes sanctions for subsequent violations of its littering ordinance, and such an ordinance would not conflict with section 403.413(6), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978).
[2] Supra at 1209. See also, City of Miami Beach v. ForteTowers, Inc., 305 So.2d 764 (Fla. 1974).
[3] City of Miami Beach v. Rocio Corporation, 404 So.2d 1066,1070 (Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981).
[4] See generally, 12 Fla. Jur.2d Counties and MunicipalCorporations s. 187.
[5] See, s. 403.413(1), Fla. Stat.
[6] Section 403.413(6)(a)-(c), Fla. Stat.
[7] Section 403.413(6)(d)-(e), Fla. Stat.
[8] Section 403.413(8), Fla. Stat.
[9] See, City of Brooksville Ordinance No. 527.
[10] City of Brooksville, Ordinance No. 527, Section IV(1-B).
[11] Cf., Op. Att'y Gen. Fla. 91-89 (1991), which concluded that a charter county could enact a code of ethics for county officers and employees but that the county ethics code could not conflict with the provisions of Part III, Ch. 112, Fla. Stat., the "Florida Code of Ethics for Public Officers and Employees."