Mr. Frank R. Stankunas Superintendent Suwannee County School Board 224 West Parshley Street Live Oak, Florida 32060
Dear Mr. Stankunas:
This is in response to the request for an opinion submitted by you on behalf of and at the direction of the Suwannee County District School Board. I gather from your letter that the board desires an opinion on substantially the following question:
 WHETHER THE SUWANNEE COUNTY DISTRICT SCHOOL BOARD IS AUTHORIZED BY LAW TO DONATE DISTRICT SCHOOL FUNDS TO A PRIVATE ORGANIZATION TO ASSIST SUCH ORGANIZATION IN THE PURCHASE OF A PROJECT FOR A HISTORICAL MUSEUM AND PARK.
According to your inquiry, the Suwannee County Museum Park Complex Committee, a private organization, is seeking a donation from the Suwannee County District School Board in the amount of five thousand dollars to assist in the purchase and development of a railroad depot and adjacent land in downtown Live Oak which is proposed to become a historical museum and park. You further state that the board "feels that the museum will be of significant educational benefit" to the children of the county and "would like to give financial assistance to the project."
The powers of district school boards in Florida are derived from s 4(b), Art. IX, State Const., providing that "[t]he school board shall operate, control and supervise all free public schools within the school district," (e.s.) as implemented by s 230.03(2), F.S., providing as follows:
 In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law. (e.s.)
I have previously concluded that this type of "home-rule" power permits a district school board to exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district, unless expressly prohibited by the State Constitution or general law; however, in the case of a direct conflict between a state statute and a rule, policy or other form of legislative action taken by a district school board, the state statute would prevail. Attorney General Opinion 83-72. In that opinion, I analogized the powers granted to district school boards by s 4(b), Art. IX, State Const., and s 230.03(2), F.S., as amended by s 7 of Ch. 83-324, Laws of Florida, to the grant of home rule powers to municipalities. Reasoning from that analogy, I expressed the view that s 230.03(2) did not empower district school boards to adopt a rule or policy or take any other form of legislative action in conflict with a state statute, citing to City of Miami v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981). The court in that case interpreted language in s 166.021(1), F.S., a portion of the Municipal Home Rule Powers Act, which is substantially similar to the language of s 230.03(2), F.S., and concluded that "[a]lthough legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law." Id., at 1070.
Statutes relating to the expenditure of district school funds are found in Chs. 236 and 237, F.S., which form a portion of the comprehensive Florida School Code, Chs. 228-238, 240-244, F.S. Section 237.02(3), F.S., provides that "[e]xpenditures from district and all other funds available for the public school program of any district shall be authorized by law and must be in accordance with procedures prescribed by the school board." See also, s 236.13, F.S., providing that "[a]ll state funds apportioned to the credit of any district shall constitute a part of the district school fund of that district and shall be budgeted and expended . . . subject to the provisions of law and regulations of the state board [of education]." With respect to the use of such funds, s 236.29, F.S., mandates that "[t]he district school fund shall be apportioned, expended and disbursed in the district solely for the support of the public schools of the district as prescribed by law." (e.s.) Cf., AGO's 83-14 (district school board not authorized by law to expend school funds to aid tenants displaced by school board land acquisitions), 82-59 (district school board may not lawfully expend school funds for preemployment physical examinations for certain prospective employees), and 72-339 (no authority for school board to pay legal fees of employee in connection with bringing of charges or allegations against a school officer). It would appear doubtful that the donation of district school funds to a private organization to assist such organization in the purchase of a project for a historical museum and park is the expenditure or disbursement of such funds solely for the support of the public schools of the district or for school purposes in the operation, control and supervision of free public schools in the district as concluded in AGO 83-72. If there exists any reasonable doubt as to the lawful existence of a power sought to be exercised, the exercise of such power should be avoided. See, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. denied, 300 So.2d 900 (Fla. 1974). Pending legislative or judicial clarification, I am unable to conclude that the grant of so-called "home-rule" powers to the district school boards contained in s 230.03(2), F.S., authorizes the Suwannee County District School Board to expend or disburse district school funds for other than school purposes in the operation and supervision of the district schools or in any manner conflicting with or other than as specified in s 236.29, F.S., since *2738 the legislative direction contained therein would prevail over a conflicting method or procedure adopted by a district school board. See, AGO 83-72 and City of Miami v. Rocio Corp., supra.
Therefore, pending legislative or judicial clarification, I am of the view that the so-called "home-rule" powers granted to district school boards by the provisions of s 230.03(2), F.S., do not operate to authorize the Suwannee County District School Board to donate district school funds to a private organization to assist such organization in the purchase of a project for a historical museum and park where it does not appear that such donation is an expenditure or disbursement of district school funds solely for the support of the public schools of the district as required by s 236.29, F.S., since the legislative direction contained therein would prevail over a conflicting method or procedure adopted by a district school board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General