Mr. Bruce R. Conroy City Attorney City of Cape Coral Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
You ask on behalf of the City of Cape Coral substantially the following question:
May the City of Cape Coral use an alternative charter amendment method prescribed in its charter, created by Chapter 70-623, Laws of Florida? In sum:
The amendment of a city's charter is governed by section 166.031, Florida Statutes, and no alternative method of charter amendment may be used. The charter amendment provision in the charter for the City of Cape Coral, however, was either nullified and repealed or converted to an ordinance by passage of the Municipal Home Rule Powers Act and would have no effect upon amendments to a charter for the city.
The City of Cape Coral was established by Chapter 70-623, Laws of Florida. Materials provided to this office indicate that the charter for the City of Cape Coral was approved by referendum on August 18, 1970. The special act provided that amendments to the charter could be proposed:
(1) In the manner provided by law; or (2) By ordinance of the council containing the full text of the proposed amendment and effective upon adoption; or (3) By the voters of the city as hereinbefore set forth; or (4) By report of a charter commission created by ordinance.[1]
Passage of the Municipal Home Rule Powers Act[2] (act) secured to municipalities broad home rule powers granted by section (2)(b), Article VIII, Florida Constitution. In order to implement this broad grant of home rule powers, section 166.021(4) and (5), Florida Statutes, nullified and repealed, or converted into ordinances, many provisions of existing municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. The act, however, provides that it is not to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein without referendum approval by the electors as provided in section 166.031, Florida Statutes.[3] None of the enumerated subject matters appear to be related to the procedure for the amendment of a municipal charter. Thus, the charter provisions for the amendment of the city's charter would not have been preserved subject to change only by referendum approval and would have been either nullified and repealed or converted to ordinances.
This office has been informed that the City of Cape Coral has not adopted a charter or readopted its original charter subsequent to the effective date of the act. The charter amendment provision, however, was amended by ordinances adopted by the city council in 1985 and 1989.[4] In light of its continued existence and acknowledgment by the city, the charter amendment provision appears to have been converted to a city ordinance subject to amendment or repeal as any other ordinance. Section 2(a), ArticleVIII, Florida Constitution, provides that municipal charters may be amended pursuant to general or special law. Section 166.031(1), Florida Statutes, sets forth:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose." (e.s.)
This office has consistently concluded that any municipal charter provision adopted or readopted subsequent to the effective date of the Municipal Home Rule Powers Act can only be amended in accordance with section 166.031, Florida Statutes.[5] The legislative directive in section 166.031, as to how a municipal charter is to be amended is, in effect, a prohibition against its being done in any other way.[6] Thus, to the extent that the City of Cape Coral adopts a charter, it cannot authorize the amendment of the charter other than as provided in section 166.031. .[7]
Further, those provisions which constitute the city's charter prior to October 1, 1973, have been converted into ordinances and the city may amend them as other ordinances are amended.
Accordingly, the procedure for amending municipal charters in section 166.031, Florida Statutes, prevails over any conflicting provision in a future charter adopted for the City of Cape Coral.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 10.03(a), Ch. 70-623, Laws of Florida.
[2] Part I, Ch. 166, Fla. Stat.
[3] Section 166.021(4), Fla. Stat., in pertinent part, provides:
"[N]othing in this act shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031."
[4] See, Ordinance 82-85, adopted subject to referendum approval on August 26, 1985, and Ordinance 55-89, adopted subject to referendum approval on September 14, 1989.
[5] See, Op. Att'y Gen. Fla. 88-30 (1988) (charter amendment provisions in s. 166.031, Fla. Stat., prevail over conflicting provisions in a municipal charter) and Op. Att'y Gen. Fla. 79-80 (1979) (city commission may not unilaterally amend its charter as it is bound by the provisions in s. 166.031, Fla. Stat.). Cf., s.166.031(3), Fla. Stat., authorizing the amendment of a municipal charter pursuant to s. 166.031, Fla. Stat., notwithstanding any charter provisions to the contrary.
[6] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944), and Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other manner).
[7] See, City of Miami Beach v. Rocio Corporation, 404 So.2d 1066
(Fla. 3d DCA 1981), pet. for review denied, 408 So.2d 1092 (Fla. 1981), in which the court concluded that concurrent legislation enacted by municipalities may not conflict with state law.