Mr. Sam E. Mousa Director of Public Works City of Jacksonville 220 East Bay Street Jacksonville, Florida 32202-3493
Dear Mr. Mousa:
With the concurrence of the Mayor, you ask substantially the following questions:
1. May the City of Jacksonville adopt administrative regulations in lieu of Chapter 1 of the Standard Building Code?
2. Must the City of Jacksonville issue certificates of occupancy for one and two family dwellings when the city's comprehensive building regulations do not require the issuance of certificates of occupancy for such dwellings?
In sum:
The City of Jacksonville may not deviate from the State Minimum Building Codes prescribed in section 553.73, Florida Statutes, by adopting regulations less stringent than those contained in the State Minimum Building Codes adopted by the city. The city may not, therefore, by administrative regulation waive the certificate of occupancy required by Chapter 1 of the Standard Building Codes adopted by the city.
You state that from 1968 to 1984 the City of Jacksonville regulated its construction industry under a locally adopted comprehensive building code. In 1984, the city adopted substantially all of the Standard Building Codes (SBC) as its building code, with the exception of Chapter 1 of the SBC.
In the place of Chapter 1 of the SBC, the city retained its own administrative regulations covering permitting, licensing, fees, plan reviews, inspections, and other administrative matters.
Under the city's regulations, no official document entitled "certificate of occupancy" is needed upon completion of a project, as is required by Chapter 1 of the SBC. Rather, proof of satisfactory compliance with the technical code requirements is all that is needed. Further, while the city performs all necessary technical inspections during construction, no "final inspection" as required by Chapter 1 of the SBC is performed.
You make the observation that the "One and Two Family Dwelling Code" does not require the issuance of certificates of occupancy. However, you state that the city has not adopted the One and Two Family Dwelling Code to cover residential construction.
Section 553.73, Florida Statutes, requires local governments with building construction regulation responsibilities to adopt a building code to cover all types of construction.[1] The statute creates the State Minimum Building Codes, consisting of nationally recognized model codes including the Standard Building Codes, the EPCOT Code, the One and Two Family Dwelling Code, and the South Florida Building Code.[2]
Section 553.73(2), Florida Statutes, mandates that one of the State Minimum Building Codes be adopted by a local government as its building code. If the One and Two Family Dwelling Code is adopted for residential construction, then one of the other model codes must be adopted for the regulation of other residential and nonresidential structures.[3]
The statute recognizes that local governments may provide for more stringent requirements than those specified in the State Minimum Building Codes, provided a number of statutory requirements are met. An advertised public hearing must be held to determine whether there is a need to strengthen the requirements of the State Minimum Building Codes, and it must be determined that local conditions justify more stringent requirements than those in the minimum codes for the protection of life and property. Moreover, it must be shown that the additional requirements are not discriminatory against materials, products, or construction techniques of demonstrated capabilities.[4] Thus, changes may only be made to locally adopted building codes in situations where more stringent regulations are found to be necessary.[5]
In Attorney General Opinion 96-37, this office addressed whether a charter county was authorized to deviate from the State Minimum Building Codes by adopting regulations less stringent or equal to those set forth in the codes. The opinion discussed the authority of charter counties to exercise all powers of local self-government not inconsistent with general law, and observed the clear statement of authority in section 553.73, Florida Statutes, for local governments to regulate building standards. It was concluded, however, that local enactment of regulations less stringent than those in the State Minimum Building Codes would be inconsistent with the provisions of section 553.73, Florida Statutes.
Municipalities may exercise any governmental power for municipal purposes except when expressly prohibited by law.[6] The municipal power to regulate, however, is subject to the state's paramount power to regulate matters in order to protect public health, safety and welfare. A municipality's attempt to regulate in an area preempted by the state or where the regulation is inconsis-tent with general law or regulations adopted by the state would be invalid.[7] In City of Miami Beach v. RocioCorporation,[8] the court held that municipal ordinances are inferior to state law and must fail when conflict arises. TheRocio court acknowledged that local and state legislation may be concurrent in areas not preempted by the state, but state law prevails over conflicting concurrent legislation enacted by a local government.[9] Moreover, where the Legislature has prescribed the manner in which a thing is to be done, it acts to prohibit its being done in any other way.[10]
As discussed above, a municipality may not deviate from the State Minimum Building Codes prescribed in section 553.73, Florida Statutes, by adopting regulations less stringent than those contained therein. While in this instance it has been represented to this office that the One and Two Family Dwelling Code does not require a certificate of occupancy, the City of Jacksonville has not adopted that code and may not rely upon its terms.
Accordingly, it is my opinion that the city may not by administrative regulation waive the certificate of occupancy required by Chapter 1 of the Standard Building Codes adopted by the city.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 553.73(1)(a), Fla. Stat.
[2] Section 553.73(2), Fla. Stat.
[3] Id.
[4] See, s. 553.73(4)(a) and (b), Fla. Stat.
[5] Cf., s. 553.73(3), Fla. Stat., providing that the Board of Building Codes and Standards may, by rule adopted pursuant to Ch.120, Fla. Stat., "designate all or a part of an updated or revised version of a model code listed in subsection (2) as a State Minimum Building Code." (e.s.) And see, s. 553.73(4)(c), Fla. Stat. ("[p]aragraphs [a] and [b] apply to the enforcing agency's adoption of more stringent requirements. . . ."; and s.553.73(5), Fla. Stat. ("[a]ll code requirements in effect in any code enforcement jurisdiction on January 1, 1978, which are notinferior to the requirements of any model code specified in subsection[2] are presumed to meet the conditions of subsection
[4].") (e.s.)
[6] City of Tampa for Use and Benefit of City of Tampa CodeEnforcement Board v. Braxton, 616 So.2d 554 (Fla. 2d DCA 1993).
[7] See, City of Miami Beach v. Rocio Corporation,404 So.2d 1066, 1070 (Fla. 3d DCA 1981), appeal dismissed and petition forreview denied, 408 So.2d 1092 (Fla. 1981).
[8] 404 So.2d 1066 (Fla. 3d DCA 1981).
[9] Id. at 1070.
[10] See, Alsop v. Pierce, 19 So.2d 799, 815 (Fla. 1944) (a controlling law direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).