Mr. Bert J. Harris III Attorney for Town of Lake Placid 325 Central Avenue Lake Placid, Florida 33852
Dear Mr. Harris:
On behalf of the Town of Lake Placid, you ask substantially the following question:
Does a municipality have the authority to lower the speed limit in a commercial zone to 20 miles per hour?
In sum:
While section 316.189(1), Florida Statutes, authorizes a municipality to lower the speed limit on local streets in a residential area to 20 miles per hour when conditions warrant, the statute does not grant the same discretion to reduce the speed limit in non-residential areas.
The Florida Uniform Traffic Control Law, Chapter 316, Florida Statutes, was enacted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[1] While a municipality may control certain traffic movement or parking in its jurisdiction, section 316.002, Florida Statutes, makes it clear that any such authority is "supplemental to the other laws or ordinances of this chapter and not in conflict therewith." This section goes on to state that it is unlawful for any local authority, which includes municipalities, to pass or to attempt to enforce any ordinance in conflict with the provisions of Chapter 316.[2]
Section 316.189(1), Florida Statutes, provides:
"The maximum speed within any municipality is 30 miles per hour.With respect to residence districts, a municipality may set amaximum speed limit of 20 or 25 miles per hour on local streetsand highways after an investigation determines that such a limitis reasonable. It shall not be necessary to conduct a separate investigation for each residence district. A municipality may set speed zones altering the speed limit, both as to maximum, not to exceed 60 miles per hour, and minimum, after investigation determines such a change is reasonable and in conformity to criteria promulgated by the Department of Transportation, except that no changes shall be made on state highways or connecting links or extensions thereof, which shall be changed only by the Department of Transportation."[3] (e.s.)
In Attorney General Opinion 92-94, this office was asked whether a municipality could establish a speed limit lower than 25 miles per hour on local streets and highways in light of the provisions of section 316.189(1), Florida Statutes (1991). At that time, the statute provided that the maximum speed within any municipality was 30 miles per hour; however, with respect to residence districts, a municipality could set a maximum speed limit of 25 miles per hour on local streets and highways after an investigation determined that such a limit was reasonable. After reviewing the legislative history of the statute, this office concluded that section 316.189(1), Florida Statutes, did not authorize a municipality to establish a speed limit lower than 25 miles per hour on local streets and highways.
In 1996, the Legislature amended section 316.189(1), Florida Statutes, to permit a lower maximum speed of 20 miles per hour.[4]
As amended, the statute now allows a county or municipality to set a lower maximum speed of either 20 or 25 miles per hour on local streets in a residential area if an investigation determines that such a limit is reasonable. Thus, while section 316.189(1), Florida Statutes, permits a municipality to lower the speed limit to 20 or 25 miles per hour, it limits the exercise of such discretion to local streets in residential areas.[5] Where the Legislature has prescribed the manner in which a thing should be done, that is, in effect, a prohibition against its being done in any other way.[6]
Accordingly, I am of the opinion that while section 316.189(1), Florida Statutes, authorizes a municipality to lower the speed limit on local streets in a residential area to 20 miles per hour when conditions warrant, the statute does not grant the same discretion to reduce the speed limit in nonresidential areas.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 316.002, Fla. Stat.
[2] See also, s. 316.007, Fla. Stat., stating that the provisions of Ch. 316, Fla. Stat., are to be applicable and uniform throughout the state and in all political subdivisions and municipalities therein and that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized." Cf., s. 166.021, Fla. Stat. (municipality prohibited from exercising any power for municipal purposes or enacting any municipal legislation when expressly prohibited by law or when the subject matter is expressly preempted to the state by general law); City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092
(Fla. 1981) (municipal ordinances are inferior to state law and must fail when conflict arises).
[3] And see, s. 316.183(2), Fla. Stat., containing similar language:
"On all streets or highways, the maximum speed limits for all vehicles must be 30 miles per hour in business or residence districts, and 55 miles per hour at any time at all other locations. However, with respect to a residence district, a county or municipality may set a maximum speed limit of 20 or 25 miles per hour on local streets and highways after an investigation determines that such a limit is reasonable. It is not necessary to conduct a separate investigation for each residence district. . . ."
[4] See, s. 22, Ch. 96-350, Laws of Florida, which in the second sentence of subsection (1) inserted "20 or."
[5] Cf., s. 316.003(4) and (38), Fla. Stat., respectively defining "Business District" and "Residence District" as:
"(4) BUSINESS DISTRICT. — The territory contiguous to, and including, a highway when 50 percent or more of the frontage thereon, for a distance of 300 feet or more, is occupied by buildings in use for business.
* * *
(38) RESIDENCE DISTRICT. — The territory contiguous to, and including, a highway, not comprising a business district, when the property on such highway, for a distance of 300 feet or more, is, in the main, improved with residences or residences and buildings in use for business."
[6] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be observed); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).